# Lessee of William Harris and Mary his wife *against* Ezekiel Potts and Elizabeth Smith.

Devise of a plantation to E. and her male heir forever, that is to say, her son T. in case he shall live to come to age and enjoy it; but if T. dies before then, then to I. in fee, subject to certain legacies. T. arrives at full age, but died before his mother without issue.

Adjudged that E. took an estate for life, and having survived her son, the remainder over to I. was good by way of executory devise.

THE following case was stated for the opinion of the court. ·

Stephen Hubbert being seized in fee of the premises, made on the 30th December 1761, his last will and testament in writing duly executed, whereby he devised as follows, after directing, that in case the provision made *for his father and mother should prove insufficient for their livelihood, the sum of 7l. yearly should be paid them out of the yearly rents and profits of his estate : "Item, I give and bequeath to my cousin John Camp-"bell the sum of 100l., to be paid him when he shall arrive to "the age of 21 years. Item, I give and bequeath to his sister " Mary Campbell the sum of 25l., to be paid her when she shall "arrive at the age of 18 years. Item, I give and bequeath to "my sister Mary Richardson the sum of 20l., to be paid her in

*142] " "*nine years hence. Item, I give and bequeath to my "cousin Samuel Richardson the sum of 5l., to be paid "him when he arrives to the age of 21 years. And in case any "of the said children should happen to die before they come to "age as aforesaid, then their share to descend to their next heir "at law. Item, I give and bequeath to my cousin Thomas "Hubbert, my brother's son, the sum of 100l., to be paid him "when he shall arrive at the age of 21 years. Item, I give and "bequeath to his sister Mary Hubbert, the sum of 25l., when "she shall arrive at the age of 18; but in case either or both "they the said Thomas and Mary Hubbert should die before "they arrive to the age as aforesaid, then I will and order my "executrix the said share or shares, to retain for her own proper "use forever. Item, I give and bequeath all and every the "plantation, land and premises, whereon I now live, to my sis-"ter Elizabeth Davis, and to her male heir forever, that is to "say, her son Thomas Davis, in case he shall live to come to "age as aforesaid, and enjoy it; but if the said Thomas Davis "should die before then, then I will and order all the said estate "to descend to my aforementioned cousin John Campbell and "his heirs forever, he or they paying to Sidney Davis, my "cousin, the sum of 50l., and to my cousin Mary Campbell, the "sum of 25l. in one year after the said estate shall come into· "his hands ; and in case he should die without heir as aforesaid, "then the said estate to Thomas Hubbert, my brother's son, he "paying the two last legacies mentioned to the said Sidney Da-"vis and Mary Campbell, or their heirs in manner aforesaid.

" Item, I give and bequeath to my sister Elizabeth, all that
" piece or parcel of land, lately purchased by me of John Boggs,
" being 35 acres so called, be the same more or less, and to her
" heirs and assigns forever, together with all and singular my
" personal estate, she paying and fulfilling all the aforesaid lega-
" cies and bequests ; and I do hereby nominate, constitute and
" appoint my said sister Elizabeth Davis my sole executrix," &c.

The said Stephen Hubbert also made and duly executed on
the 31st January 1762, a codicil to his said last will and testa-
ment as follows :

" Whoever, or either it be, Thomas Davis, or the heirs of his
" body, John Campbell, or his heirs, Thomas Hubbert, or his
" heirs, that shall inherit my plantation abovementioned, they
" shall subject themselves to the payment of the two legacies
" by me bequeathed to Thomas Hubbert and Mary Hubbert,
" instead of my sister Elizabeth Davis, and in like manner as
" she was first ordered to do."

The said testator died, having never aliened or in any manner
*transferred the premises in question, nor having made     [*143
any alteration in his said last will and testament, or codi-
cil thereto.

Thomas Davis, mentioned in the said will, attained the age
of 21 years, and enjoyed the premises mentioned in the decla-
ration till he attained the age of 24 years, when he died without
issue on or about the month of July 1774, having first made and
executed his last will and testament, bearing date the 17th No-
vember 1773, whereby he devised the premises in question to
Elizabeth Smith, one of the defendants.

It is agreed, that Elizabeth Davis, mentioned in the will
aforesaid, died on the 14th May 1794, and that the real defend-
ant, Elizabeth Smith, is the sole heir at law both of Elizabeth
Davis and Thomas Davis ; and further, that Thomas Davis was
elder than either Thomas Hubbert or Mary Hubbert, the legatees
mentioned in the will aforesaid of the said Stephen Hubbert.

Elizabeth Davis, on or about the 19th December 1782, paid
to the said Mary Hubbert the sum of 25l., mentioned in the
will and codicil of the said Stephen Hubbert.

John Campbell, in the will and codicil mentioned by deed of
10th January 1780, conveyed the premises in the declaration
mentioned to Mary Campbell, now the wife of William Harris,
one of the lessors of the plaintiff.

And the question to be decided by the court is, whether the
plaintiff is entitled to recover the premises, under the statement
of facts ?

The cause was argued at the last term by Mr. T. Ross for
the plaintiff, and Mr. Condy for the defendant ; and again this
term, by Mr. E. Tilghman for the plaintiff, and Mr. M'Kean for
the defendant.

The counsel on the part of the plaintiff insisted, that Elizabeth

Davis, the sister of the testator, took an estate for life in the plantation, (the premises in question;) Thomas Davis an estate in fee tail, depending on the double contingency of his living to full age and enjoying the land after the death of his mother; and John Campbell an estate in fee simple, under the events which have happened. All these estates may well stand together, the several devisees being *in esse* at the times of making the will and the testator's death. Thomas Davis's estate never took effect in possession, as his mother survived him. Independent of the codicil, he would have taken only an estate for life.

It could not have been the intention of the testator to have given the plantation to his sister Elizabeth only during the minority of her son Thomas; she was the primary object of his bounty; he devises to her in fee 35 acres of land, and all his *144]  *personal estate, subject to the payment of his legacies. He could not have meant to leave her unprovided for in favour of Thomas Davis, John Campbell or Thomas Hubbert, all of whom might, according to the defendant's construction, have taken in preference to her. The devise was "to his sister "Elizabeth Davis and her male heir forever; that is to say, in "case he shall live to come to age and enjoy it; but if the said "Thomas should die before then, over," &c. The generality of the first expressions, "male heir for ever," is restricted by the subsequent words, "that is to say, her son Thomas Davis, in "case," &c. Though an estate be given to a daughter and the heirs of her body, which is an estate tail, yet the testator may by other words restrain that estate of inheritance, and confine it to an estate for life only. Cowp. 382. All the words of a will shall be considered, and shall be so moulded and bent as to effectuate the intent of a testator. 2 Burr. 1110. The court are bound to construe technical words in a will in their legal sense; but though such words are used, if there be a manifest expressed intention of the testator that those phrases were adopted in a contrary sense, the intent shall prevail. Doug. 327.

Thomas Davis is prior in point of time to John Campbell, because he is first in limitation, but the latter has a bequest of 100l. in the will more than the former. To construe the conjunctive *and* in the clause, in case he shall come to age and enjoy it, as a disjunctive *or*, would narrow down the devise to Elizabeth, which it is presumed was not meant by the testator. Though the argument drawn from the circumstance, that the issue of Thomas Davis might be disinherited under the plaintiff's construction, has no small weight, yet it deserves much consideration, that a different construction goes to destroy an estate devised by the former words of the will, according to the last reason given in Barker *v.* Suretees, 2 Stra. 1175. The codicil also obviates this argument, and shews the intention of the testator, that the special heirs should be thereby provided for. Thomas Davis not reaching his full age, or dying before his

mother's estate ended, failing issue of his body, John Campbell was to take, charged with the legacies of 75l. to Sidney Davis and Mary Campbell, and 125l. to Thomas Hubbert and Mary Hubbert. Though these latter legacies became vested in the legatees on their arriving at the respective ages of 21 and 18, yet payment is postponed by the codicil, until the event ascertained who was to succeed to the inheritance. An estate may descend to the heir at law until the contingency happens ; and it is immaterial whether Thomas Davis did not take at all, or took the lands subject to be defeated by subsequent events. If Thomas *Davis's taking the lands depended on two contingencies, [*145 so also was it provided as to Thomas Hubbert.

The defendant's counsel contended, that Elizabeth Davis took the plantation only during the minority of her son Thomas, and that it vested in him on one contingency, on his arrival at the age of 21. He was more the object of the testator's bounty than John Campbell, because on the succession of the latter, he was to pay the two additional legacies of 75l. to Sidney Davis and Mary Campbell.

The rule is agreed, that *verba intentioni debent inservire,* and every word and sentence which can receive any reasonable sense, shall be taken into consideration. It is evident on inspection, that the will was drawn by an illiterate person, wholly unacquainted with legal forms.

The devise is " to Elizabeth Davis and her male heir forever ; " that is to say, her son Thomas Davis, in case he shall live to " come to age as aforesaid and enjoy it." He gives to his sister another tract of 35 acres, and the residue of his personal estate, which with the profits of his plantation during the minority of her son, was an adequate provision for her ; but to this favoured nephew, first in point of limitation, he devises nothing, except the premises in question, chargeable with legacies under his codicil. If his estate was to depend on his surviving his mother, and enjoying the land after he came of age, what advancement does he obtain ? If his mother had died during his minority, who would then have taken the plantation ?

The testator has plainly shewn the bent of his mind ; he has described the person who was the object of his bounty, under the character of the male heir of his sister, when he should come of age ; and failing that event, unless he should die before then, he contemplates his cousin John Campbell. A devise to the heir of M. may be good as *designatio personæ,* and he may take in the life time of M. 2 Bl. Rep. 1010. Devise to the heirs male of J. S. begotten, J. S. having a son, and testator taking notice that J. S. was then living, such son shall take. 1 Wms. 229. The rule *nemo est hæres viventis* does not apply, where the testator manifestly uses the words heirs or issue as a description of his object, as, to the heirs male of the body of A. now living. 2 Woodes. 202.

The plaintiff relies on this, that Elizabeth Davis took an es-

tate for life by implication; but an express estate is given to her male heir forever, when he shall come of age; but it is settled, that words of implication shall not alter an express estate devised. 1 Wms. 21, 54. No implication, though ever so strong, shall carry it otherwise. 4 Mod. 142. Cro. El. 15. An express *146] estate *devised shall not be diminished by implication, Cro. Car. 185, nor enlarged, unless there be express words. 2 Vern. 427, 451.

Here the devise to Thomas Davis was subjected to the payment of the legacies to Thomas Hubbert and Mary Hubbert. If there be a devise to one, on condition to pay a sum of money, if there be a possibility of loss, though not very probable that devisee may be damnified, it shall be construed a fee, 2 Mod. 26, though the sum be in no wise equal to the value of the land. 1 Equ. Cas. Abr. 176, pl. 9. The legacies to Thomas and Mary Hubbert were payable at their respective ages of 21 and 18, and as it is stated in the case, that Thomas Davis was elder than either of them, he might be subjected to the payment of those sums, without any prospect of reimbursement.

Thomas Davis's estate completely vested on his coming of age; and the court will never construe a remainder to be contingent, where it can be taken for vested. 3 Term Rep. 489. (note.) But the plaintiff's construction moreover would disinherit the issue of Thomas Davis, in case his mother survived him, and the issue of a devisee is not to be disinherited without express words. Cro. El. 424. His death without issue can make no difference in the construction of this will; it must be judged of from its words, and the events at the time of the testator's death, not from subsequent circumstances. It cannot be supposed that the testator meant to disinherit the issue of his nephew, if he died before his mother. The expressions "and "enjoy it," are only expletive and confirmatory of the uncle's intention, and signify *to* enjoy it. But the word *and* may be construed *or.* The books furnish a variety of cases on this head. These words are the basis of the plaintiff's claim, but they form no condition precedent; and the subsequent language, "if the "said Thomas Davis should die before then," refers to his death in his minority. Besides "and enjoy it," may be rejected as tautologous and superfluous. "What I have not otherwise dis-"posed of," have been deemed idle words in a will; and it is no new matter to reject loose words, rather than the intent of a testator should be frustrated. 6 Mod. 112. Hob. 65.

The limitation of the estate to John Campbell is rather a substitution in the event of the premature death of Thomas Davis in his minority, than a remainder over. If the latter took a vested estate in fee tail under the codicil, the limitation over would be too remote as an executory devise. But it is submitted, that the words of the codicil do not change the fee simple interest vested in Thomas by the will, into an estate tail. The obvious intent of the codicil was to exonerate Elizabeth Davis

[Daintry v. Johnston.]

from payment of the legacies devised to Thomas and Mary *Hubbert. "Whoever shall inherit the plantation, shall [*147 "subject themselves to the payment of the two legacies, "and in like manner as Elizabeth Davis was first ordered to do." She was to pay them at the several ages of 21 and 18, and the same obligation rested on the person entitled to the inheritance. If those legatees reached those periods of their lives, living Thomas Davis, he must necessarily have been of full age, being elder than either of them, and been bound to pay them, though his mother was in full life : and if either or both of these lega-tees died before the times of payment, their legacies went over to Elizabeth Davis, and must have been paid to her. It will scarcely be insisted, that in either case, if the mother survived the son, John Campbell could take the plantation, unincumbered with the legacies of 125l. and yet this absurdity would certainly follow from the plaintiff's doctrine.

By THE COURT. Elizabeth Davis takes an estate for life only in the plantation in controversy. The superadded words "and "to her male heir," are not words of limitation of her estate, but are expressly declared by the testator, to mark out her son Thomas Davis, "in case he shall live to come of age and enjoy it." Those expressions, therefore, are designations of the person, and the cases cited on this head fully prove it. Considering the will and codicil together, Thomas Davis would have taken an estate in fee tail in the premises, on his coming of full age and enjoying the same ; and this evidently means, surviving his mother, to whom the lands were devised during her life. The intention of the testator must be collected from all the words he has made use of, rendering to all a reasonable sense. Under the circumstances of this case, the devise over in case of Eliza-beth Davis surviving her son, to John Campbell, is good by way of executory devise, but for what estate we decline giving any decision at present, being informed that the same is now in liti-gation.

Judgment for the plaintiff.

A writ of error was brought hereupon to the High Court of Errors and Appeals, and the same was argued in January 1803, but afterwards the parties compromised the dispute.

Cited in 3 S. & R. 452, where the facts were similar.