## Wetherill *versus* Wetherill.

Where a person has a *power* over an estate, but not an interest in it to the extent of the power, no terms in an instrument, however comprehensive, without referring to the power or to the property which was to be the subject of its exercise, will amount to an execution of the power, unless they demonstrate

[Wetherill *v.* Wetherill.]

that the power was in contemplation, and that there was an intention to execute it, the instrument having an operation otherwise than as an execution of the power.

ERROR to the District Court, *Philadelphia.*

This was an action of partition by Rachel P. Wetherill, against Charlotte W. Wetherill, and others.

A case was stated, with leave to turn the same into a special verdict. The case submitted was as follows:

Samuel P. Wetherill, being seised in fee simple of the premises described in the summons in partition, by deed, in which his wife, Martha, joined, dated and executed upon the 15th of October, 1834, conveyed the same as an equivalent for her patrimonial estate, which he had received and might receive, in trust to George Harrison Wikoff, for the separate use of said Martha for life, with remainder to the use of Samuel P. Wetherill, husband of said Martha, for life, with remainder in fee for the use of their children, living at the death of the survivor of them (the said Samuel P. Wetherill and Martha Wetherill), and the issue of such of them as might then be dead, such issue taking the deceased parent's share, with the following clause: "Provided always, and it is hereby declared and agreed, by and between the said parties, that it shall and may be lawful to and for the said George Harrison Wikoff, *at the request* and with the consent and approbation *of the said Martha Wetherill*, to sell and dispose of the premises hereby granted, and every or any part or parcel thereof, to any person or persons willing to purchase the same, and to grant and convey the same to the purchaser or purchasers, his, her, or their heirs or assigns for ever, in fee simple, and to receive the purchase-money for the same, and to *pay, appropriate, and apply the said money in any way or manner as she the said Martha Wetherill shall or may direct,* without the purchaser or purchasers being in any wise subject to see to the application thereof, or liable for the non or misapplication of the same." The said deed is made a part of the case stated.

The said Samuel P. Wetherill afterwards, by will dated the 31st July, 1837, duly registered, devised all his estate in the following manner, to wit: "I do hereby give, devise, and bequeath all my estate, whatsoever and wheresoever, unto my dear wife, Martha, *with power for her to dispose of the same,* any, every, or any part thereof, as she may see fit and proper; and *whatever part thereof may remain undisposed of* at the time of her decease, I give, devise, and bequeath the same *unto my child or children* who may be living at the time of her decease, and the issue of such of them who may then be deceased, their heirs and assigns, in equal parts, such issue taking and among themselves equally dividing such part

[Wetherill v. Wetherill.]

and share only as their deceased parent would have taken if living."
The said will is made a part of the case stated.

Mrs. Martha Wetherill, by deed of the 12th of February, 1840, *G. S.* 11, 356, for the purpose of "*settling and assuring all and singular* the estate real and personal thereinafter mentioned, to, for, and upon such uses, intents, and purposes, as are thereinafter mentioned, expressed, and declared, of and concerning the same, &c.,' '" *by virtue of all her estates, interests, and powers in the premises,*" conveyed to William Suddards and Charlotte W. Wetherill "all and singular the messuages, tenements, lots of ground, lands and ground-rents, and parts and parcels of messuages, tenements, lots of ground, lands and ground-rents, bonds, mortgages, securities, stocks, loans, moneys, chattels, and effects, and generally all the estates, real and personal, whatsoever and wheresover situated, whereof she, the said Martha Wetherill, *now is seised or possessed, interested in or entitled to, as well at law as in equity, in possession,* reversion, remainder, or expectancy, under and by force and virtue of the last will and testament of her husband, Samuel P. Wetherill, deceased, *and otherwise howsoever,* in trust, to and for her own use for life, without impeachment of waste; and from and after her death, one undivided sixth part of the said granted premises, in trust to each of her six daughters therein named, for the use of each daughter for life, in the modes respectively directed, and from and after the death of each daughter, for such uses as the said daughter might, by will, attested in the manner prescribed, appoint, and for want of such appointment, for the use of the daughter's surviving child or children, and issue of deceased children, in fee, the issue of deceased children taking the parent's share; with cross limitations of a like character, to take effect upon the death of either or any of the six daughters intestate without issue, her or them surviving, with authority in the trustees, with the written consent of Mrs. Wetherill, during her life, and after her death, as they should deem advantageous to the estate, to sell, and reserving or not reserving, ground-rents, which, if reserved, should again be saleable, &c. All proceeds to be invested subject to the same trust, &c., with power to change trustees, and an authority in Mrs. Wetherill to revoke the uses and declare new ones." The deed last recited is made part of the case stated.

Mrs. Martha Wetherill afterwards died upon the 13th day of March, A. D. 1840, leaving six daughters, to wit:—

Rachel B. Wetherill, plaintiff in this partition.

Charlotte W. Wetherill, a party defendant in this partition.

Emily M. Wetherill, who intermarried with Charles Foster, parties defendant in this partition, &c.     *     *     *

At the time of the execution of the deed of the 12th of February, 1840, Mrs. Martha Wetherill, in addition to the property devised to her by the will of her husband, Samuel P. Wetherill, was entitled to a remainder in a portion of her father's estate, after the

[Wetherill *v.* Wetherill.]

termination of the life estate of her mother, by virtue of the will of her father.    She was also entitled to a life estate by virtue of the deed first above recited, viz., the deed of the 15th October, 1834, in the premises which formed the subject of the proceedings in partition.

If the Court should be of opinion that the deed of the 12th of February, 1840, above mentioned, operated as a conveyance of the premises and estates settled under the first-mentioned deed of October 15, 1834, by way of execution of the power therein reserved to Mrs. Martha Wetherill, or otherwise howsoever, then judgment is to be entered in favor of the defendants, as upon a plea of *non tenent insimul;* but if the Court should be of opinion that the said deed of 12th of February, 1840, did not operate (in any way) as a conveyance of the premises and estates settled under the aforesaid deed of October 15, 1834, then judgment *quod partitio fiat* is to be entered in favor of the plaintiff.

The Court below rendered judgment for the plaintiff on the case stated, and a writ of error was taken on the part of the defendants.

Error was assigned as follows : 1. The Court erred in deciding that the deed of 12th February, 1840, did not operate as a conveyance of the premises and estates settled under the deed of 15th October, 1834.

2. The Court erred in deciding that the power reserved to Mrs. Martha Wetherill, under the deed of 15th October, 1834, was not well executed by the deed of 12th February, 1840.

3. The Court erred in entering judgment upon the case stated in favor of the plaintiff.

4. The Court erred in not entering judgment upon the case stated in favor of the defendants.

*Thayer*, for plaintiffs in error.—The judgment here entered proceeds upon the ground that on the death of Mrs. Wetherill, the equitable estate derived to her under the deed executed by her husband in 1834, devolved upon her children.    But if the deed executed by Mrs. Wetherill in 1840, passed this estate, it was a conveyance to other uses and other persons.    In that case, the judgment *quod partitio fiat* is erroneous, for the parties *do not hold together*.    There are, therefore, two questions to be considered.

1. Whether the deed of 1834 created a power in Mrs. Wetherill to dispose of the estate conveyed, which in equity she could execute without the intervention and concurrence of the trustee ?

2. Whether the deed executed by Mrs. Wetherill in 1840, was in point of fact an execution of that power ?

On the first question : The power given in the deed of 1834, is in form a power to the trustee to sell the land at the request of Mrs. Wetherill, and to appropriate the *proceeds* according to her direction.    This, it is submitted, is in equity a power in Mrs.

[Wetherill v. Wetherill.]

Wetherill to appropriate the *land itself*. It is a doctrine of equity which seems to be well settled in the English courts, that a power over a fund directed to be raised, extends to the object from which it is to be created: 17 *Ves. Jr.* 101, Pearson ·v. Lane; 17 *Ves. & B.* 471; 5 *Ves. Jr.* 445; 6 *Id.* 793; 2 *Vern.* 80; 2 *Ball & B.* 28; 1 *Sug. on Pow.* 538; 3 *Whart.* 62; 3 *W. & Ser.* 223; 7 *Barr* 287, Willing v. Peters; 1 *Harris* 292, Costen's Appeal.

The remainders to the children vested subject to being divested by the execution of the power: 4 *Cruise* 161.

As to the second question: If Mrs. Wetherill could in equity execute the power over the proceeds by a disposition of the land itself, the deed of 1840 was an equitable execution of the power which passed the estate. In determining whether a power has been exercised, the *intention* governs: 1 *Sug. on Pow.* 373; 8 *Ves. Jr.* 616; 13 *Id.* 415; 1 *Rawle* 247; 7 *Barr* 530. The deed of Mrs. Wetherill was made for settling and assuring *all the estate mentioned in it;* and then all the estate she is *interested in or entitled to* under the will of her husband, *and otherwise howsoever.* She professed to act in virtue of *all* her estates, interests, and powers. The intention to execute the power reserved to her by the deed of 1834 was sufficiently apparent: 1 *Sug. on Pow.* 375–7–9; *Id.* 386; 1 *Sim. & Stu.* 477. There is no other subject than that of the trusts of the deed of 1834, to which the words " power," and *otherwise howsoever,* can so well apply.

*Ludlow* for defendant in error:—The power contained in the deed of 1834, was not exercised by virtue of the legal or equitable operation of the deed of 1840, because there is in it no reference to the power, either express or implied. There is no *express* reference; and if there be an implied reference, it is by the construction of the word *powers,* in the deed of 1840. It has been held that a will cannot operate as an execution of a power, unless it refer to the power or the subject of it, or unless the will can have *no* operation without supposing an execution of the power: 6 *Rep.* 17, Clere's case; 1 *Sim.* 28; 1 *Swanst.* 66, Jones v. Curry; 7 *Man. & Gr.* 1047; 13 *Sim.* 523. But Mrs. Wetherill had by the will of her husband a power to dispose of the property referred to in that will.

To give effect to the expression, *otherwise howsoever,* it may be observed, that Mrs. Wetherill, at the execution of the deed in 1840, was entitled in remainder *to other property* than that devised to her by her husband. See the case stated. Thus these words may be satisfied without reference to the deed of 1834: 6 *Bro. P. C.* 193.

If a will does not refer to a power or the subject of it, and if the words of the will may be satisfied without supposing an intention to execute the power, then, unless the intention to execute the power is *clearly expressed,* it is no execution of it: 3 *John Ch.*

551; 1 *Story* 426; 4 *Russ.* 76; 3 *Sim.* 275; 5 *Id.* 108; 2 *Nev. & Man.* 821; 2 *Bing.* 497; 4 *Barn. & Cress.* 720.

A discretionary power of sale existed in Wikoff, and he was never applied to by Mrs. Wetherill to sell.

The principle contended for that a power to appoint the money produced by the sale of an estate, is a power to appoint the estate itself (2 *Ves. J.* 589; 1 *Ves. & B.* 477), appears to have been overruled in the case of Wood's estate: 1 *Barr* 368.

*G. W. Biddle*, in reply.—The deed of 1840 should not be confined in its operation to the execution of the powers created *by the will*, when it professes to be a conveyance of *all* her estate, and when made in pursuance of *all* her powers. It was not simply discretionary in the trustee to convey. If the power is one which it is the duty of the party to execute on request, he is a bare trustee, and has no discretion whether to exercise it or not. A Court of Equity may coerce him: 8 *Ves.* 574; 2 *Sug. on Pow.* 174; *Id.* 177.

The opinion of the Court was delivered, April 12, by

LEWIS, J.—The case of Birdsall *v.* Richards, just decided, was determined upon the principle that where the settlor has a qualified fee, and a power of appointment appendant to the estate, he may, at his election, pass the estate by an instrument which operates by the interest and not by the power. In that case the interest remained with the holder of the power, and the residuary clause was held to pass that interest without special reference to the power. In the case now before us, according to our construction of the deed of 15th October, 1834, Martha Wetherill had no interest in the remainder in fee, which is the subject of controversy in this action. In regard to that estate her power is not appendant, because the execution does not "fall within the compass of her estate," which was but for life. It is simply a power in gross, because the execution "falls out of the compass of her estate." If this view of the nature of her estate and authority be correct, she could do no act to divest the qualified fee of her children, except in pursuance of the power. In the execution of a power in gross, no terms, however comprehensive, although sufficient to pass every species of property, freehold or copyhold, real or personal, will execute a power, unless they demonstrate that the power was in contemplation, and that there was an intention to execute it: 2 *Bing.* 497, 504.

By the deed of 1834, the whole *legal* estate is vested in George Harrison Wikoff in fee, and the *equitable* interest in Martha Wetherill for life, the remainder in fee to her children. The power to sell was vested in Wikoff, in whom the legal estate resides, and not in Mrs. Wetherill. It was lawful for him to sell "at her

[Wetherill *v.* Wetherill.]

request" and "with her consent," but her wishes were not im-
perative. The proceeds were to be received by him, and, if paid
out under her direction, the purchasers are declared to be free
from liability for a "non-application or a misapplication." To
construe this power as vesting the fee in her, would be to divest
the estate conveyed to the children by a previous ·clause in the
deed, and to invert the rule for the construction of deeds, in cases
of repugnancy; which is to give effect to the first clause, and not
to the last. But an instrument ought to receive that construction
which places its several provisions in harmony with each other, if
the language will fairly admit of it. The whole deed must be
taken into consideration, and not detached portions. Where there
was an intention to vest an *interest* in Mrs. Wetherill, the deed
contains apt words for the purpose, and expressly directs the pro-
ceeds to be paid *into her hands "for her own separate use,"* or
into the hands of such agents as she shall appoint by writing under
"*her own hand.*" This was the language used in creating her
life estate. But no such words are used in directing the appro-
priation of the proceeds arising from the sale of the whole estate.
There, the language used is indicative of an intention to grant
nothing more than a power to exercise her judgment in the distri-
bution of the proceeds, after sale, among the parties who were
entitled to the property before. The provision which was designed
to relieve the purchasers from liability for a *non-application* or a
*misapplication* would be absurd, if applied to a payment made
to the party entitled as owner, or under her direction. Other
suggestions might be presented to show that there was no inten-
tion, in the creation of the power of sale, to divest the estate of
the children, or to increase that granted to the mother.

Having then but a naked power, so far as regards the particular
estate in controversy, can her conveyance of the 12th February,
1840, operate upon that estate? Three classes of cases have been
held to be sufficient demonstrations of an intention to execute a
power:—1st. Where there has been some reference to the *power*
in the instrument of execution. 2d. Where there has been a re-
ference to the *property* which was the subject on which it was to
be executed. 3d. Where the instrument of execution would have
no operation whatever, except as an execution of the power. These
cases have been determined upon the application of these *rules* of
*intention*. Lord Chief Justice BEST, in reference to this question,
remarked, in Roake *v.* Derire, 4 *Bligh N. S.* 22, that "rules with
respect to *evidence* of *intention*, are bad rules, and he trusted he
should live to see them no longer binding on the judges." But
even according to these rules of intention, there is nothing in the
deed of 1840 which evinces an intention to execute the power. It
cannot be said that this deed would be inoperative, except as an
execution of the power, because *the will* of her husband gave both

an estate and a power coupled with an interest upon which the deed may operate. She had also a life estate under the deed of 1834, upon which it operated, and both these estates are referred to in the deed of 1840, the one by a reference to the estate acquired under the will, and the other by reference to her interests "otherwise" acquired. The words in the preliminary part of the deed, in which she proposes to act "by virtue of her estates, interests, and powers," *may* be construed to refer to the estates which were her own, and to the powers coupled with an interest which she held under the will, and not to the estate of her children; and these words *must* be so construed, when taken in connection with the granting clauses of the deed, which are clearly and expressly confined to her own estates and interests, and do not purport to pass the vested estates of others. There is no reference to the estate of the children, or to the particular property in dispute; and we have already seen that there is no reference to the instrument creating the power.

But the rule of construction in these cases, which involves all others, is, that the intention to execute the power must be so clearly manifested in the act of execution, that it is impossible to impute any other: Andrews *v.* Emmott, 2 *Brown's Ch. Rep.* 297; Nowell *v.* Roake, 2 *Bingh.* 497. And we do not see how it is possible to impute to Mrs. Wetherill an intention to disturb a settlement made in favor of her children, by herself and her husband, and which, by the terms of that settlement, was not to be disturbed, except by Wikoff, the trustee, upon her request. If the intention was to execute the power, her course was to make the request, in pursuance of the terms and restrictions under which it was created. To construe the deed of Mrs. Wetherill of 1840, which purported to act upon *her own estates alone,* as amounting to a request obligatory upon the conscience of Wikoff, to hold that he ought to have sold by reason of such a constructive request, and to make this structure the foundation for the presumption that he has sold, and has thus parted with the legal estate and divested the equitable interests of the children, would be utterly indefensible, and contrary to the clearly expressed intention of the parties to the deeds of 1834 and 1840.

The judgment of the Court below was correct, and is to be affirmed.

Judgment affirmed.