Sarah Jane Lewis and Edward G. Lewis, her husband, Appellants, v. Samuel Allen Bryce.

*Will—Devise—Fee simple estate—Life estate—Separate use trust—Trust and trustees.*

Testatrix devised land subject to her husband's life estate to her three daughters, naming them "during their lives, to be equally divided between them under the condition that they shall hold the same exclusively and free from all control of their husbands or any one of them; said property to descend and be inherited by said daughters' children and their heirs forever." *Held*, (1) that the daughters took an estate for life only; (2) that even if the will should be construed so as to give them more than a life estate, a separate use trust was created which would prevent them from alienating their shares during the coverture.

Submitted Nov. 9, 1897. Appeal, No. 182, Oct. T., 1897, by plaintiffs, from judgment of C. P. No. 3, Allegheny Co., Nov. T., 1897, No. 332, on case stated. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Case stated to determine the marketable title to real estate. Before McCLUNG, J.

From the case stated it appeared that Ruth Roberts died on April 29, 1870, seized of certain land, leaving to survive her, her husband, George W. Roberts, and, inter alia, three daughters, namely, Susanna Ann, intermarried with John Redmond, now deceased; Mary Elizabeth, intermarried with Noah Pangburn, and Sarah Jane, intermarried with Edward G. Lewis.

Said Ruth Roberts left a last will and testament by which she provided as follows: "I give and bequeath to my beloved husband, George W. Roberts, for and during the term of his natural life, all of my real estate whatsoever and wheresoever situate at my death. . . .

" 4. The lot of ground I hold on the corner of Second avenue and Mill street in Elizabeth borough, Allegheny county, Pa., being one hundred and twenty feet square, after the expiration of the life estate of my husband, George W. Roberts, heretofore provided for, with all the buildings and improvements thereon erected, I give and bequeath to my three daughters aforesaid during their lives, to be equally divided between them, under the condition that they shall hold the same exclusively and free from all control of their husbands or any of them. Said property to descend and be inherited by said daughters' children and their heirs forever."

The plaintiffs, said Sarah Jane Lewis and Edward W. Lewis, were married and had children living at the date of the making of the will of Ruth Roberts, and at her death, and are still united in marriage, and said children are still living.

By articles of agreement made and entered into on August 31, 1897, the plaintiffs agreed to sell and convey by general warranty deed, free from incumbrances, to the defendant an undivided one-third interest in fee simple in the land in question.

It was agreed that if the court be of opinion that the plaintiffs can convey an undivided one-third interest in fee simple in said lots numbered 17 and 18, then judgment to be entered for the plaintiffs in the sum of $1,500, to be satisfied by them, upon the defendant accepting their deed and making payment of said sum, but if not, then judgment to be entered for the defendant.

The court entered judgment in favor of the defendant.

*Error assigned* was in entering judgment for defendant.

*Charles S. Wise* and *Joseph C. Forse*, for appellants.—There was no separate use trust created by the will: Todd's App., 24 Pa. 429 ; Tritt v. Colwell, 31 Pa. 234 ; Heck v. Clippenger, 5 Pa. 387 ; Bailey v. Allegheny Bank, 104 Pa. 425 ; Rank v. Rank, 120 Pa. 195 ; Ringe v. Kellner, 99 Pa. 460 ; Torbert v. Twining, 1 Yeates, 432 ; Morrison v. Dollar Savings Bank, 36 Leg. Int. 215.

The natural and obvious meaning of the last sentence in item fourth, makes the pronoun " their " refer to " daughters " and

not to " children " and, therefore, it is " daughters' heirs " that is meant, and not " children's heirs."

The will created a fee simple in the daughters : Yarnall's App., 70 Pa. 341; Huber's App., 80 Pa. 355; Oyster v. Oyster, 100 Pa. 540.

*A. W. Duff*, for appellee.—Under this will a separate use trust is created as to the estate of the daughter, Sarah Jane Lewis, she being at date of the will under coverture : Wilbert's Est., 166 Pa. 113 ; Hays v. Leonard, 155 Pa. 477 ; MacConnell v. Lindsay, 131 Pa. 476 ; Morrison v. Dollar Savings Bank, 36 Leg. Int. 215.

The husband of Sarah Jane Lewis being still alive, she cannot alien her interest in fee during his life: Hays v. Leonard, 155 Pa. 277 ; Quin's Est., 144 Pa. 454; Lancaster v. Dolan, 1 Rawle, 231; Wright v. Brown, 44 Pa. 224.

The word " children " used in the devise is not a word of limitation, but a word of purchase: Carroll v. Burns, 108 Pa. 386 ; Taylor v. Taylor, 63 Pa. 484. Being a word of purchase and not of descent or limitation the first taker has only a life estate and cannot convey a fee : Daley v. Koons, 90 Pa. 249 ; Keating v. McAdoo, 180 Pa. 10.

OPINION BY MR. JUSTICE McCOLLUM, October 17, 1898 :

The question presented by the case stated must be determined by the construction of the will of Ruth Roberts under which Sarah Jane Lewis, a daughter of the testatrix, claims to have a title in fee simple to an undivided one third of the land described therein. The claim is based on the fourth item of the will in which the testatrix devised said land, subject to her husband's life estate in it, to her daughters Susanna Ann, Mary Elizabeth and Sarah Jane " during their lives, to be equally divided between them under the condition that they shall hold the same exclusively and free from all control of their husbands or any one of them ; said property to descend and be inherited by said daughters' children and their heirs forever." What interest or estate in the land passed to or was vested in the daughters of the testatrix by her will ? Was it anything more than a life estate ? We think not. The land was devised to the daughters for their use " during their lives." This view

of the will is obviously in accord with the intention of the testatrix. It seems to be conceded by the appellants in their printed argument in their paper-book that but for the words "and their heirs" immediately following the words "said daughters' children" the children would take as purchasers and the daughters would have a life estate. They contend, however, that "'children' and 'heirs' are used by testatrix in such close connection as to denote that she intended them as synonymous expressions and equivalent to each other, and that the word 'heirs' being the technical word, is therefore the dominant and controlling expression and should govern in the conclusion." They also contend that "the natural and obvious meaning of the last sentence in item fourth makes the pronoun 'their' refer to 'daughters' and not to 'children,' and therefore, it is 'daughters' heirs' that is meant, and not 'children's heirs.'" It seems to us that this is a strained construction of the fourth item of the will and palpably opposed to the plain purpose of the testatrix in disposing of the property referred to therein. As she had already devised to her daughters in the preceding sentence of said item a life estate in the land, the natural and reasonable conclusion is that she intended by the next succeeding sentence of it to dispose of the remainder by devising it to her grandchildren and their heirs. In her designation of her grandchildren as her "daughters' children" there is no room for an inference or conclusion that she intended thereby to give or secure to her daughters any other or greater estate than she had already devised to them. The word "heirs" as used in item four was not intended to affect in any degree the estate devised to the daughters in the preceding sentence of said item nor does it reasonably admit of a construction which converts their life estate into an estate in fee simple. It follows that it is not within the power of the plaintiffs to make to the defendant such title to the land in question as their contract called for.

It should be noted also that the life estate is devised to the daughters "under the condition that they shall hold the same exclusively and free from all control of their husbands or any of them." What is the effect of this condition or provision in the fourth item of the will upon their title or interest in the land devised to them as aforesaid? Does it not create a separate use trust which prevents alienation of the estate during

coverture? The language employed is clearly sufficient to create such a trust, as plainly appears in the recent decisions on the subject. As supporting this view we cite MacConnell v. Lindsay, 131 Pa. 476, MacConnell v. Wright, 150 Pa. 275, Hays v. Leonard, 155 Pa. 474, and Keating v. McAdoo, 180 Pa. 5. In the case last cited the operative words were, "nor subject to the control of their respective husbands," and they were held to be sufficient to create a separate use trust in personal property bequeathed to the daughters.

We find nothing in the will which conflicts with the intent of the testatrix as expressed in the fourth item of it.

Judgment affirmed.