John Scott, Executor of Joanna F. Scott, deceased, and J. M. Shields, Appellants, v. Sallie D. Bryan.

*Powers—Will—Deed—Exercise of power.*

The general rule in determining the validity of the execution of powers is that the intention of the donee to execute is the turning point. Such intent will not be presumed from the mere grant of a larger estate than the grantor possessed, but it may be gathered from such grant coupled with other evidence of intent, such as a description of the subject of the power sufficient to identify it.

Testator gave to his niece "as her own separate estate" certain real estate "for her life, with the power to sell at any time, and give a good fee simple deed therefor." Subsequently the niece executed a conveyance of the property in fee with general warranty. No reference was made in the deed to the power, but the will containing the power was mentioned in the recital of title in the deed. The niece had no other real estate. *Held,*

(1) that the deed itself with its recitals evinced an intent to execute the power; (2) that the fact that she had no other real estate was conclusive evidence of her intent to exercise the power; (3) that she took a separate use trust under her uncle's will which she could not convey away, and that therefore her deed could have no legal effect, except as an exercise of the power.

*Trust and trustees—Separate use trust—Intention—Gift.*

Where the intent to create a separate use trust is clear no particular form of words is necessary.

A gift to a married woman of property " as her own separate estate " creates a separate use trust.

Argued Oct. 25, 1899. Appeal, No. 93, Oct. T., 1899, by plaintiffs, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1899, No. 849, on case stated. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL, DEAN, FELL and BROWN, JJ. Reversed.

Case stated to determine the marketable title to real estate.

From the case stated it appeared that James B. Linhart died August 20, 1889, seized of the premises in question which were disposed of in his will as follows:

" Item 4th. I give and bequeath unto my neice Joanna Scott wife of John Scott as her own separate estate all that certain tract of land in the 22d ward of the city of Pittsburg, and containing about ten acres and also that certain house and lot situate in Coalville, Allegheny county.

" This property is given to her for her life with the power to sell at any time and give a good fee simple deed therefor, but in case it be not sold at her death then it is to be divided by my executors hereinafter named in such manner as they may think best for the estate between the remaining children of my nephew Alexander M. Linhart and my neice Julia Horning share and share alike, except that my nephews named in item two and three shall have no part in such division."

On September 5, 1889, Joanna F. Scott and her husband executed a deed to Robert McCoy, which was as follows:

" This indenture, made the fifth day of December eighteen hundred eighty-nine, between John C. Scott and Joanna Scott (his wife) of the township of N. Versailles, county of Allegheny, and state of Pennsylvania, parties of the first part, and

Robert McCoy of the township of Braddock, county and commonwealth aforesaid of the second part.

" Witnesseth, That the said parties of the first part, for and in consideration of the sum of eleven thousand dollars, lawful money of the United States of America, unto them well and truly paid by the said party of the second part, at and before the sealing and delivery of these presents, the receipt of which is hereby acknowledged, have granted, bargained, sold, aliened, enfeoffed, released, conveyed and confirmed, and of these presents do grant, bargain, sell, alien, enfeoff, release, convey and confirm unto the said party of the second part, his heirs and assigns forever, all those two certain lots or pieces of ground which are separately bounded and described as follows, viz :

" 1st.  All that certain lot or piece of ground situate in the 22d Wd. city of Pittsburg, Penn. and more particularly bounded and described as follows, viz : [description].  Being the same property which James B. Linhart became possessed of in his lifetime by deed of S. B. W. Gill et ux., dated Nov. 15th, 1867, and of record in D. B. 224, page 299, and which was subsequently allotted to him in partition proceedings at No. 6, March term, 1878, O. C.   See Par. D. 5 P. 487, and of which he died seized, leaving by his last will and testament dated          day of
         , A. D. 1889, and of record in W. B. Vol.     p.     , to Joanna Scott, party hereto.

" 2d.  All that certain other lot or piece of ground situate in the township of Braddock, county of Allegheny, and state of Pennsylvania, and being more particularly bounded and described as follows : [description].   And being the easterly one half of lot number 18 in the plan aforesaid.

" Together with all and singular the buildings, improvements, ways, waters, water-courses, rights, liberties, privileges, hereditaments and appurtenances whatsoever thereunto belonging, or in anywise appertaining and the reversions and remainders, rents, issues and profits thereof, and all the estate, right, title, interest, property, claim and demand whatsoever, of the said parties of the first part, in law, equity or otherwise, however of, in and to the same, and every part and parcel thereof.   To have and to hold said described premises, hereditaments and premises hereby granted or mentioned, and intended so to be with the appurtenances unto the said party of the second part his heirs and as-

signs, to and for the only proper use and behoof of the said party of the second part his heirs and assigns forever. And John C. Scott and Joanna Scott (his wife) the said parties of the first part, for themselves, their heirs, executors and administrators, do by these presents, covenant, grant and agree to and with the said party of the second part, his heirs and assigns, that they the said parties of the first part, and their heirs, all and singular the hereditaments and premises herein above described and granted or mentioned and intended so to be, with the appurtenances, unto the said party of the second part, his heirs and assigns, against them the said parties of the first part, and their heirs, and against all and every other person or persons whomsoever lawfully claiming, or to claim the same or any part thereof.

" Shall and will warrant and forever defend. In witness whereof, the said parties of the first part have to these presents set their hands and seals. Dated the day and the year first above written."

| " Sealed and delivered in presence of H. L. CASTLE. | JOHN C. SCOTT.　[Seal.] JOANNA F. SCOTT.　[Seal.] " |

Joanna Scott died August 4, 1892. Subsequently John Scott, as executor of his wife, sued out a mortgage given by McCoy, and sold the property at sheriff's sale, when James M. Shields became the purchaser. On September 1, 1898, John Scott and James M. Shields by articles in writing agreed to sell the ten-acre lot to defendant. The defendant maintained that the deed to McCoy conveyed only the life estate of Joanna Scott.

The court in an opinion by WHITE, P. J., entered judgment for defendant. Plaintiffs appealed.

*Errors assigned* were (1) in finding that the deed of Joanna F. Scott to Robert McCoy was not a sufficient execution of the power of sale given to her in the will of James B. Linhart; (2) in entering judgment on the case stated in favor of defendant.

*J. M. Shields,* with him *A. B. Angney,* for appellants.—At the time of the writing of the will Joanna Scott was a married

woman and remained under coverture until her death, and the power of the testator to create a separate use trust under the law as recognized in Pennsylvania cannot be denied: Quin's Est., 144 Pa. 444; Hays v. Leonard, 155 Pa. 474; MacConnell v. Wright, 150 Pa. 275.

No particular form of words is necessary when the purpose to create a separate use trust is clear: Duffield's App., 168 Pa. 171.

If our contention is correct, that the estate taken by Joanna Scott under the will of testator was a separate use trust for life, then she had no power to incumber or convey that estate by joining her husband therein, and the deed to Robert McCoy has no force or effect as conveying her life estate: Hays v. Leonard, 155 Pa. 474.

We contend that the deed to Robert McCoy had no operation whatever except as an execution of the power, and this, taken with the recital in that deed, evinces an intention on the part of Joanna Scott to execute the power: Wetherill v. Wetherill, 18 Pa. 265; Bingham's App., 64 Pa. 345.

*A. S. Moorhead,* for appellee.—The deed of December 5, 1889, in the case stated, was not a proper and legal execution of the power. It cannot be construed otherwise than as a transfer and conveyance of her life estate: 1 Sugden on Powers, p. 412; Hay v. Mayer, 8 Watts, 203; Jones v. Wood, 16 Pa. 25; Bingham's App., 64 Pa. 345; Biddle v. Tomlinson, 115 Pa. 299.

A married woman with a life estate may execute a power of sale without the joinder of her husband: Deffenbaugh v. Harris, 18 W. N. C. 357.

The intent to create a separate use is not only not clear, but a contrary intent clearly appears: MacConnell v. Wright, 150 Pa. 275.

OPINION BY MR. JUSTICE MITCHELL, December 30, 1899:

The general rule in determining the validity of the execution of powers is that the intention of the donee to execute is the turning point. Such intent will not be presumed from the mere grant of a larger estate than the grantor possessed, but it may be gathered from such grant coupled with other evidence

of intent, such as a description of the subject of the power sufficient to identify it: Bingham's App., 64 Pa. 345. In the present case the subject of the power is fully described, and the will of the testator referred to, though not the power itself. The reference to the will it is true is in the recital of title, but it is evidence nevertheless that the will and the donee's power under it were in her mind when making the deed, and in connection with the fact of conveyance in fee with general warranty evinces the intent to execute the power. It is a stronger case on this point than McCreary v. Bomberger, 151 Pa. 323, where the evidence was held to be abundant.

But there is another ground on which the execution of the power must also be sustained. The grantor in the deed had no estate which she could convey, and therefore her deed could not be made operative except as an execution of the power. Under all the cases this is conclusive evidence of her intent to exercise the power: Wetherill v. Wetherill, 18 Pa. 265; Bingham's App., 64 Pa. 349.

The land was devised to Mrs. Scott "as her own separate estate." This is sufficient to indicate the intention of the testator. In Jamison v. Brady, 6 S. & R. 466, it was held that the words "for her own use" created a technical separate use, TILGHMAN, C. J., saying, "The addition of the words for her own use is tantamount to saying, not for the use of the husband, because if it was for his use it could not be for her own use." The only reasonable interpretation therefore of the testator's use of the words "her own separate estate," is that he intended to create the estate technically known as one in trust to her separate use. Where such intent is clear no particular form of words is necessary: Heck v. Clippenger, 5 Pa. 385; Steinmetz's Est., Duffield's App., 168 Pa. 171. Such an estate is not alienable by deed of the cestui que trust, even with the joinder of her husband: Hays v. Leonard, 155 Pa. 474; Lewis v. Bryce, 187 Pa. 362. Mrs. Scott's deed to McCoy, therefore, could have no legal effect except as an exercise of the power under Linhart's will, and this as already said brings it within the settled rule that sustains the intent to execute the power.

Judgment reversed and judgment directed to be entered for the plaintiff on the case stated.