# Wilson v. Bryn Mawr Trust Company, Appellant.

*Trusts and trustees—Separate use trust—Husband and wife.*

1. A gift of real estate to a niece "to and for her own separate use forever" creates a separate use trust for the benefit of the niece. The fact that the word "sole" is not used in connection with the word "separate" is immaterial.

2. The most apt word to create such a trust is "separate," which has a fixed and technical meaning, and which will of itself exclude the marital rights; whereas the same fixed and technical meaning is not attributable to "sole."

Argued Feb. 2, 1909. Appeal, No. 331, Jan. T., 1908, by defendant, from order of C. P. Montgomery Co., March T., 1908, No. 25, making absolute rule for judgment for want of a sufficient affidavit of defense in case of George B. Wilson v. Bryn Mawr Trust Company. Before FELL, BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Before SWARTZ, P. J.

This was an action of assumpsit brought upon a policy of title insurance. In the plaintiff's statement it was averred that on April 18, 1907, the plaintiff purchased from Charles Henry, Jr., upon terms stated, a tract of land situated in Haverford Township, Delaware county, Pa., containing some thirty-two acres; that on the same date the defendant company, in consideration of a premium paid by him, issued to the plaintiff a policy of title insurance "insuring the said plaintiff from all loss or damage not exceeding the sum of $34,000, which the said plaintiff might sustain by reasons

of defects or unmarketability of the title of the plaintiff as owner in fee to "the premises purchased by him; that the title to the said premises was defective and unmarketable and the defect therein was not excepted in the policy; that Charles Henry, Jr., who conveyed to plaintiff, had acquired title from John J. Pinkerton and Sallie, his wife, and that the said John J. and Sallie Pinkerton were not the owners in fee of the land conveyed, with the exception of about a quarter of an acre; that Emily T. Thomas had owned the said tract of land in fee and had devised the same "unto my niece Sallie Pinkerton to and for her own separate use forever;" that no trustee was ever appointed for the said Sallie Pinkerton, who was incapable of aliening the same, and that consequently the deed from her and her husband to Charles Henry, Jr., plaintiff's grantor, passed no title whatever. The statement further averred notice to and demand upon the defendant company and damages alleged to have been sustained by the plaintiff in excess of $34,000.

In the affidavit of defense the issuing of the policy of title insurance, and the conveyances recited in the statement, were admitted, but the statement that Sallie Pinkerton was not the owner in fee of the entire premises insured was denied, and it was averred that the will of Emily T. Thomas vested in the said Sallie Pinkerton an absolute estate in fee.

The court made absolute the rule for judgment for $11,240.99 for want of a sufficient affidavit of defense.

Error assigned was the order of the court.

E. H. Hall and Montgomery Evans, with them Henry M. Brownback, for appellants.—The creation of a "separate use trust" being one of intention, this case does not present such an intention on the part of the testatrix that the court can as a matter of law so declare: Jamison v. Brady, 6 S. & R. 466; MacConnell v. Wright, 150 Pa. 275; Hood v. Pennsylvania Society, 221 Pa. 474; Murray v. Lowrie, 208 Pa. 1; Stambaugh's Estate, 135 Pa. 585; Quin's Estate, 144 Pa. 444.

While the Married Woman's Property Act of April 11,

1848, P. L. 536, and others, did not abrogate the equitable separate estate under a separate use trust, and this legislation does not affect the established rules of construction in determining whether a separate use trust is created, and such a trust can be created without naming a trustee since as before those acts were passed, yet the act of 1848 in its terminology describes the title of a married woman in terms that before the act would have been considered apt in declaring a separate use trust.

Therefore, it must be borne in mind that words, which, before the act of 1848, could have had no meaning, unless they were intended to create a separate use trust, and which then might have been called an "uncommon expression," may now amount to no more than a description of the rights of a married woman in her separate legal estate, and, therefore, may have no effect upon the gift which will vest in her as her separate property under the act of 1848, without the restrictions peculiar to the separate estate in equity: Carson v. Fuhs, 131 Pa. 256; Morrison v. Dollar Savings Bank, 36 Leg. Int. 215; Ringe v. Kellner, 99 Pa. 460; Murray v. Lowrie, 208 Pa. 1; Bailey v. Allegheny Nat. Bank, 104 Pa. 425; Rank v. Rank, 120 Pa. 191; McClelland v. Floyd, 52 Pitts. L. J. 163.

*John G. Johnson*, with him *Maurice Bower Saul* and *Nicholas H. Larzelere*, for appellee.—The contention of the appellee sustained by the court below is that the will creates a separate use trust for Sallie Pinkerton, and the conveyance by her and her husband conveyed no title to the appellee's grantor: Jamison v. Brady, 6 S. & R. 466; Snyder v. Snyder, 10 Pa. 423; Scott v. Bryan, 194 Pa. 41; Holliday v. Hively, 198 Pa. 335; Murray v. Lowrie, 208 Pa. 1; Wilbert's Estate, 166 Pa. 113; Hays v. Leonard, 155 Pa. 474; Iddings v. Iddings, 7 S. & R. 111; Wright v. Brown, 44 Pa. 224.

OPINION BY MR. JUSTICE POTTER, June 22, 1909:

The single question raised by this appeal is whether the devise to Mrs. Sallie Pinkerton, in the will of Emily T. Thomas, created a separate use trust. If it did, then the subsequent

conveyance by herself and her husband, of the land in question, was obviously void. The clauses of the will to which appellant particularly directs attention are the following:

"Second. I give and bequeath to my sisters Jane Wilson and Susan Downing each the sum of five thousand dollars, unto nephews John A. Wilson, Joseph M. Wilson, Henry Wilson, I. H. Downing and nieces Emily Baldwin, Sallie H. Wilson and Susan D. Wilson each the sum of three thousand dollars, and unto my niece Sallie Pinkerton I give and devise my farm situate in Delaware County to and for her own separate use forever.

"Sixth. I give devise and bequeath all the rest residue and remainder of my estate whatsoever and wheresoever unto my before named two sisters for their own use forever.

"Seventh and lastly. I nominate constitute and appoint my nephew John J. Pinkerton and friend Samuel Elliott the executors hereof and authorize and empower them or the survivor to dispose of any real estate of which I may die seized either at public or private sale when and as may be deemed expedient and to make execute and deliver all such deeds or assurances in the law as may be required to properly vest the title thereof without any purchaser being liable to see to the application or for the misapplication of the purchase money paid or consideration given therefor."

It will be noticed that the words here used were, "and unto my niece Sallie Pinkerton I give and devise my farm situate in Delaware County, to and for her own separate use forever." The words are plain, and upon their face indicate an intention to create a separate use for the benefit of Mrs. Pinkerton. The usual form of expression in such cases is "sole and separate use," but as set forth in Bispham's Equity, sec. 100:

"No particular form of words is necessary to create a trust for the benefit of a feme covert. According to the modern English authorities the most apt word to create such a trust is 'separate,' which has a fixed and technical meaning, and which will of itself, exclude the marital rights; whereas the same fixed and technical meaning is not attributable to 'sole.'"

In Massy v. Bowen, L. R. 4 Eng. & Ir. App. 288, the Lord

Chancellor (Lord Hatherly) said (p. 294): "The common form used by all conveyancers with reference to a separate estate is to use the words 'sole and separate use.' That is the common form, which appears in all the books of precedent. The word 'separate' is sometimes used alone; but if the word 'sole' is used it is never used alone, that I can find in any book or precedent."

The present chief justice, in Scott v. Bryan, 194 Pa. 41, said (p. 46), "The only reasonable interpretation therefore of the testator's use of the words 'her own separate estate,' is that he intended to create the estate technically known as one in trust to her separate use."

In the present case, we agree with the learned judge of the court below, that the language of the will clearly indicated an intent to create a separate trust, which is not made doubtful by anything within the four corners of the will. The opinion of the trial judge is a demonstration of the soundness of the conclusions reached. The assignments of error are overruled, and the judgment is affirmed.