## Mitchell and Keene's Appeal.  Lukens's Estate.

1. It is only when there is a final decree or sentence in the Orphans' Court, that an appeal to the Supreme Court is allowed.

2. An account was referred to an auditor for distribution.  He reported on "preliminary questions" of law, but did not report distribution.  Exceptions were filed.  The court *dismissed the exceptions and affirmed the report.* An appeal from this order to the Supreme Court was quashed.

3. The Supreme Court had no jurisdiction under the circumstances.

February 11th 1869.  Before Thompson, C. J., Agnew and' Williams, JJ.  Read, J., at Nisi Prius.  Sharswood, J., absent.

Appeal from the decree of the Orphans' Court of *Philadelphia :* No. 250, to January Term 1869.

The appeal in this case was by Ellen Keene Mitchell and Henry. E. Keene, in the matter of the estate of John Lukens, deceased.

The executrix, &c., of Sarah Lukens Keene, deceased, who had been administratrix *c. t. a.* of John Lukens, deceased, filed in the Orphans' Court of Philadelphia an account of the administration by the said Sarah Lukens Keene, of the estate of the said John Lukens.  Henry E. Keene, administrator *d. b. n. c. t. a.* of the same John Lukens, deceased, also filed the account of his administration of the same estate.  Joseph A. Clay, Esq., was appointed auditor "to audit, settle and adjust" both accounts "and to make distribution."

He reported : "After vouching the accounts referred, and after a protracted investigation into the distribution of the balances in hand, the auditor was requested by the counsel for the accountants to make a preliminary report upon three questions."  These questions related to the construction of certain devises and other dispositions in the wills of John Lukens and Sarah L. Keene, and of the 2d section of the Act of May 6th 1844, Pamph. L. 565, Purd. 1017, pl. 15, relating to the lapse of legacies to brothers and sisters and nephews and nieces.

The auditor reported deciding these questions, but made no final report of distribution.

Exceptions were taken by Ellen K. Mitchell and Henry E. Keene, and other parties interested, to his report.  In his report on these exceptions he stated : "The auditor has also been requested to report upon the construction of the last residuary clause in the will of Miss Sarah Lukens Keene; and also to report as to whom, under such construction, the shares of the estate of John Lukens, passing under Miss Keene's will, will go ; if to Mrs. Mitchell, whether for life only or otherwise ; and if for life, who will be entitled after her death.

"These are questions belonging to the distribution of the estate, and are not preliminary in their nature.  Still the auditor will express his opinion, as requested, as far as practicable at present."

[Mitchell and Keene's Appeal.]

After remarking on the will, &c., he proceeds: "It is therefore not only premature but impossible to decide upon the destination of the fund, after the decease of the tenant for life, while the possibility of issue remains. Besides, during her life there is the further contingency of her surviving her husband and then dying a widow. If this should be the case, and she should leave a will, the difficult question will arise whether the power to devise was entirely gone upon her marriage, or whether it has only been suspended and will revive upon her widowhood. This also would render a present report premature.

"The auditor, therefore, declines to report further than that, if the devises in question have lapsed, Mrs. Mitchell, under the residuary clause, will be entitled to the income of the lapsed shares for life. There is no possibility of deciding at present what will be the destination of the shares after her death; and the auditor is thus spared from the necessity of reporting upon the intricate questions which may arise if Mrs. Mitchell should die childless and intestate."

When the matter came into the Orphans' Court the following decree was made:—

"And now, on representation of the parties and in order to afford an opportunity for immediate appeal, the court, without argument and for these reasons, dismiss the exceptions, affirm the report of the auditor, and decree accordingly."

Ellen K. Mitchell and Henry E. Keene appealed from this decree, and assigned for error that the Orphans' Court erred in dismissing the exceptions of the appellants.

*E. K. Price*, for appellants, and *H. G. Clay*, for the next of kin of George Armstrong, deceased, appellees, argued the questions passed on by the auditor.

The decision of the Supreme Court being made on the improvident taking of the appeal, it is not necessary to present the arguments.

The opinion of the court was delivered, March 1st 1869, by

THOMPSON, C. J.—The Act of 29th March 1832, relating to the Orphans' Court, provides "that any person aggrieved by a definitive sentence or decree of the Orphans' Court may appeal from the same to the Supreme Court" within three years after such final sentence or decree.

It is only in cases where there is a final decree or sentence that an appeal is allowed. In this case now before us no such decree has been entered. The auditor proposed none. In his report he stated that he "declined to report further than that if the devises in question have lapsed, Mrs. Mitchell, under the residuary clause" of the will under consideration, "will be entitled to the income

of the lapsed shares for life." The court made no decree on the facts and conclusions of the auditor, only stating, in its opinion, " that on the representations of the parties, and in order to afford an opportunity for an immediate appeal, the court, without argument and for these reasons, dismiss the exceptions and affirm the report of the auditor, and decree accordingly."

The auditor's report culminating in no finality, the dismissal of the exceptions to it left it in the same situation. The decree only dismissed the exceptions, which had no final decree to operate upon. There was, therefore, nothing to appeal from, and nothing upon which this court could act to affirm or reverse. In that state of the case we have no jurisdiction, the Orphans' Court not having so acted as to give this court jurisdiction on appeal. Under such circumstances, were we to express any opinion on points raised, they would be extrajudicial and not binding on anybody—not even on ourselves as a court. Besides, our opinion, if given, would only be advisory, and if adopted in the court below, its decree would be subject to appeal, and thus we might have several appeals in a single case. This is not so much a reason for dismissing the appeal as it shows the reason for the requirement of the statute, that there must be a definitive sentence or decree to authorize an appeal. For these reasons the appeal must be quashed.

Appeal quashed.