## Estate of Michael Staib, deceased.　Appeal of Gustave F. Bender and Pauline Bender.

*Appeals—Practice, Supreme Court—Practice, Superior Court—Amount in controversy.*

In determining whether a case should be appealed to the Supreme or to the Superior Court, it is the amount of the appellant's interest in the controversy that must determine the jurisdiction.

Where two appeals are taken by different persons from the same decree of the orphans' court, and the amount of the claim of each one is less than $1,000, although the two aggregate an amount in excess of $1,000, the Superior and not the Supreme Court has jurisdiction of the cases, although if the appellee in such case were the appellant, the Supreme Court would have jurisdiction.

Argued Oct. 18, 1898.　Appeal, No. 86, Oct. T., 1898, by Gustave F. Bender, from decree of O. C. Beaver Co., Sept. T., 1895, No. 21, sustaining exceptions to auditor's report.　Before GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.　Appeal certified to Superior Court.

Exceptions to auditor's report.　Before WILSON, P. J.

*Error assigned* was decree of the court.

*George Shiras, 3d*, with him *Lewis W. Reed*, for appellants.

*Agnew Hice*, with him *Henry Hice*, for appellee.

OPINION BY MR. JUSTICE GREEN, October 31, 1898:

In this case there are two appeals by two different persons interested as distributees in the estate of the decedent. The claim of each one of them is for $954.46 out of the fund. Each of these claims was for less than $1,000. We are clearly of opinion that the appellate jurisdiction in such cases belongs to the Superior Court. It is the amount of the appellants' interest that is involved in the controversy that must determine the jurisdiction. In this case the interest of the appellee in the fund is more than $1,000, and if the positions of the parties were reversed and the appellee were the appellant, the jurisdiction would be in this Court. In accordance with these views we hereby certify the appeal with the record to the Superior Court.