# Hosack *v.* Crill.

*Practice, Supreme Court—Appeals—Jurisdiction as to amount—Superior Court.*

The Supreme Court has no jurisdiction over an appeal where the judgment in the court below is for an amount less than $1,500, although the judgment may incidentally settle the right to future sums which will exceed $1,500.

Argued Oct. 12, 1900. Appeal, No. 121, Oct. T., 1900, by defendant, from decree of C. P. Mercer Co., April T., 1899, No. 2, on bill in equity, in suit of Samuel Hosack, executor of John Hosack, deceased, et al., v. John T. Crill. Certified to the Superior Court.

Bill in equity for an account. Before MILLER, P. J.

From the record it appeared that the question in controversy was whether a written agreement effected a sale of coal in place, or whether it was a lease of the coal.

The court found that the agreement effected a sale of coal in place, and entered a decree in favor of the plaintiffs for $572.66, being the amount of certain royalties which had accrued.

The court filed a certificate that the amount involved in the proceeding exceeded the sum of $1,500. The case apparently adjudicated not only the ownership of the sum of $572.66, being the amount of accrued royalties in actual controversy, but also incidentally adjudicated the right to future royalties.

*Errors assigned* were various findings of fact and conclusions of law.

*W. W. Moore, J. W. Bell* and *S. S. Mehard,* for appellant.

*B. Magoffin,* for appellees.

PER CURIAM, October 12, 1900:

Certified to the Superior Court. The judge's certificate is that "the amount involved in this proceeding exceeds the sum of $1,500," but that is not the test of jurisdiction. It is the sum in controversy in this particular suit, and that is $572, although the judgment for that sum may incidentally settle the right to future sums which will exceed $1,500.