Samson's Estate.

*Appeals—Jurisdiction—Separate interest—Act of May 5, 1899, P. L. 248—Superior Court.*

On appeals from the orphans' court, the jurisdiction of the appellate court depends upon the amount of the separate interest of each appellant. The jurisdiction of the Superior Court cannot be taken away by lumping the claims of different appellants.

Argued Jan. 15, 1902. Appeal, No. 347, Jan. T., 1901, by

Almira Gibbs, Charles H. Samson, William W. Samson and Sallie S. Zacherle, from decree of O. C. Phila. Co., April T., 1900, No. 99, dismissing exceptions to adjudication in Estate of Benjamin P. Samson and Anna W. Samson, Deceased. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Remitted to Superior Court.

Exceptions to adjudication.

*Error assigned* was decree dismissing exceptions to adjudication.

*Albert E. Zacherle,* for appellant, did not offer any oral argument.

*John P. Gibbs,* for appellees.

Opinion by Mr. Justice Fell, February 24, 1902:

The question at the audit was whether a separate use trust was created by the testator's will. The fund was $3,860.57, a part of which was income. The principal was awarded in equal fifth parts, two shares to the sons, and three shares to the accountants in trust for the daughters, and the income in equal shares to the five children. The appeal is by the sons, who have no apparent interest in the matter, and two daughters, who claim that the award should be made directly to them. By no possibility can the separate interest of any of the appellants amount to enough to give this court jurisdiction. It is the separate interest that determines the right of appeal to this court. The Act of May 5, 1899, P. L. 248, gives jurisdiction to the Superior Court in case of " any single claim, any dispute, distribution, or other proceedings in the orphans' court if the subject-matter of the controversy be either money, chattels, real or personal, or the possession of the title to real property, and also if the amount or value thereof really in controversy in such single claim, dispute, or other proceeding be not greater than $1,500, exclusive of costs." This jurisdiction cannot be taken away by lumping the claims of different appellants. It is ordered that the appeal be remitted to the Superior Court.