## Samson's Estate.

*Executors and administrators—Accounts—Partition proceedings.*

Where executors have included in their account moneys received from a sale of lands in partition proceedings, objections to the regularity of the partition proceedings cannot be raised at the adjudication of the executor's account.

*Will—Trust and trustees—Separate use.*

Testator directed as follows : " It is my will and desire that it (the entire estate) be divided between my children, share and share alike, with the condition that the shares flowing to my daughters shall be protected as their separate estate, free from any claim that their said husbands may have or make and the fee simple to their children." The daughters were at the date of the will all married and continued so until after the death of the testator. *Held,* that the will created a separate use trust for the daughters.

*Appeals—Joint claims—Act of May 5, 1899, P. L. 248.*

Where a decree of the orphans' court directs distribution of testator's estate into five equal parts among his children, three of the children cannot take a joint appeal, and procure a review of the decree of the court below upon their distinct individual claim.

Argued Oct. 24, 1902.    Appeal, No. 178, Oct. T., 1902, by Almira Gibbs, Charles H. Samson, William W. Samson and Sallie S. Zacherle, from decree of O. C. Phila. Co., April T., 1900, No. 99, dismissing exceptions to adjudication in Estate of Benjamin P. Samson and Anna W. Samson, deceased.    Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.    Appeal quashed.

Exceptions to adjudication.

ASHMAN, J., in his adjudication, stated the facts to be as follows :

The testator devised and bequeathed his estate to his wife, Anna W. Samson, to hold during the term of her natural life,

provided she should remain his widow and unmarried, and added : " At her death it is my will and desire that it be divided among my children, share and share alike, with the condition that the shares flowing to my daughters shall be protected as their separate estates free from any claim that their said husbands may have or make, and the fee simple to their children."

He died May 25, 1899, leaving surviving five children— Charles H. and William W. Samson, Almira Gibbs, Sallie S. Zacherle and Emma Johnston, all of full age. Anna W. Samson died in her husband's lifetime, June 24, 1892.

The account is faulty because made up of blended realty and personalty, and in which principal and income are also blended, three thousand seven hundred and twenty dollars was derived from sales of real estate, $2,109.48 from rents and $1,391.05 represented personal estate. It appeared that the decedent and Anna W., his wife, were separate owners of certain real estate and joint owners of certain other real estate, and after their death partition proceedings were instituted by the children, under which some of the parties took certain premises at the valuations fixed by the inquest, and some of real estate was sold by order of court. The proceeds of the sale of real estate belonging to the testator are in this account.

The auditing judge held that the will created a separate use trust in favor of the daughters.

The court dismissed exceptions to the adjudication.

*Error assigned* was in dismissing exceptions to adjudication.

*Albert E. Zacherle*, for appellant.—On behalf of the daughters of Benjamin P. Samson, it is claimed that they have a fee simple interest in the real estate, including the ground rents devised to them by the will of their father, and that this interest is free from any trust, for their sole and separate use: MacConnell v. Wright, 150 Pa. 275 ; MacConnell v. Lindsay, 131 Pa. 476 ; Morrison v. Dollar Savings Bank, 36 Legal Int. 215 ; Rank v. Rank, 120 Pa. 191 ; Schouler on Domestic Relations, 139 ; 2 Perry on Trusts, sec. 647 ; Ringe v. Kellner, 99 Pa. 460.

*John P. Gibbs*, for appellees.—The will created a separate

use trust: Craige v. Craige, 9 Phila. 545; Hays v. Leonard, 155 Pa. 474; Lewis v. Bryce, 187 Pa. 362; Snyder's App., 36 Pa. 166; Wistar's Estate, 18 Phila. 80.

OPINION BY W. D. PORTER, J., January 20, 1903:

This is an appeal from a decree of the court below distributing a balance in the hands of the executors of the will of Benjamin P. Samson, deceased. The account upon which the balance, now to be distributed, had been adjudicated to be in the hands of the executors, included the funds received by the executors from a sale by them of certain lands of the decedent under a proceeding in partition among the heirs. No exceptions to that account had been filed in the court below, and the balance for distribution had been duly adjudicated. The appellants now attempt to raise the question that there were irregularities in the proceedings in partition from which a part of the fund was derived. The appellants have not printed in their paper-book a copy of the account of the executors nor of the record in the partition proceedings. The orphans' court had jurisdiction of the real estate of the decedent for purposes of partition and it is conceded that all the persons in interest were parties to that proceeding. The presumption is that the proceedings of the court were regular. If there were irregularities the remedy of the parties aggrieved was by an appeal from the decree of the court there entered. We cannot review the record of the action in partition in this proceeding to distribute the balance arising from the general account of the executors.

The other question which it is attempted to raise upon this appeal goes to the character and extent of the interest which the daughters of Benjamin P. Samson took under his will. The primary devise gave an estate for life in all the property to Anna W. Samson, the wife of the testator. Anna W. Samson died after the execution of the will, but during the lifetime of the testator. The devise which took effect immediately upon the death of the testator was in these words: "It is my will and desire that it (the entire estate) be divided between my children, share and share alike, with the condition that the shares flowing to my daughters shall be protected as their separate estate, free from any claim that their said husbands may have or make, and the fee simple to their children." When the

testator directed that the division should be "share and share alike," he could only have meant that the division should be equal, and not that the sons and daughters should take like estates in their respective parts; the words were unnecessary but they have no effect upon the sense. Having directed the manner of division, the testator made manifest his specific intention as to the conditions upon which the shares set apart to the daughters should be held. Such shares were to be protected as the separate estates of the daughters "free from any claim that their said husbands may have or make." The intention of the testator was that the property should be held to the separate use of his daughters, free from any rights of and in no manner to be controlled by their respective husbands. The daughters were at that time all married and continued so until after the death of the testator. There was nothing in the will to qualify the clause above quoted or throw further light upon the intention of the testator as to the character of the estate which he vested in his daughters. The learned counsel representing the appellants has argued with much force that the circumstances surrounding the testator and his property were such that he could not have intended to create a separate use trust for the benefit of his daughters, and relies upon the case of MacConnell v. Wright, 150 Pa. 275. If such circumstances existed the appellant has failed to print in his paper-book the evidence from which the facts were made apparent. We are of opinion that the estate of the daughters was a separate use trust: Hays v. Leonard, 155 Pa. 474; Lewis v. Bryce, 187 Pa. 362; MacConnell v. Lindsay, 131 Pa. 476. Even if the estate of each daughter in one fifth of the property was a legal one, and not a separate use trust, it was not more than a life estate. There was not in the first instance an absolute devise of the property in fee simple to the daughters. This is clearly expressed by the words of the will. The same clause which directed that the share of a daughter should be protected as her separate estate devised the fee simple in that share to her children, thus unmistakably indicating that it was not the intention of the testator that the fee should vest in the daughter. The children of the daughters take not through the mother, but as the direct devisees of their grandfather. The devise was not to the daughter and her children, to be by them con-

currently enjoyed. The estates were to be enjoyed at different times. The fee devised to the children was made subject to the particular estate in their mother, and the latter took an estate for life: Harris v. Potts, 3 Yeates, 141; Seibert v. Wise, 70 Pa. 147. The daughter is entitled to only the income of the estate. The specifications of error are dismissed.

This appeal was taken directly to the Supreme Court, which tribunal for the reason stated in the opinion filed in Samson's Estate, 201 Pa. 590, held that it was without jurisdiction to dispose of the questions intended to be raised by the record, and certified the case to this court. It is not the aggregate of the sums which the disposition of a single question may add to or take from a number of distinct claims which determines the jurisdiction. This jurisdiction " cannot be taken away by lumping the claims of different appellants." When the right of all the appellants in any claim is joint, the claim is to be considered as an entirety, and not segregated into parts corresponding to the various interests of the different joint owners. The jurisdiction upon appeal is determined not by the number of appellants but by the character of the claim. The determination of a single question may affect a number of distinct claims, and involve the rights of as many claimants, but under the Act of May 5, 1899, P. L. 248, a decree of the orphans' court, in distribution proceedings, " upon any single claim," must be considered a separate and distinct judgment. The will of Benjamin P. Samson made it incumbent upon the court below to divide the fund for distribution into five equal parts, and award two out of the five parts to the sons, respectively, in fee. The court below held that the interest of the daughters, in their respective shares, was a life estate and so decreed. The daughters did not have a joint right in any one of the five shares, each took her own one fifth in severalty. The nature of the estate of each of the daughters was, it is true, dependent upon the construction of the same clause in the will but no one of them had any property right in the shares of the others. Anyone of the daughters might have accepted the decree of the court below as conclusive, and such action could have had no effect upon the right of the others to review the decree as to their respective shares upon appeal. Each party had a right to a separate appeal. They cannot upon a single appeal, although

taken by all of them jointly, procure a review of the judgment of the court below upon their distinct individual claims. The decree of the court below is, for purposes of appeal, to be considered as three separate and distinct judgments, each respectively determining the estate of an individual claimant. Three distinct judgments affecting the rights of different parties cannot be reviewed in the manner attempted in this case and the appeal is therefore quashed.