## Beach's Estate.

*Appeals—Quashing appeal—Final and interlocutory decree—Act of April 14, 1835, P. L. 275.*

Where the report of an auditor appointed by the orphans' court has been excepted to by two of the parties in interest, and the exceptions of one party are overruled, and those of the other are sustained, and the report referred back to the auditor to make distribution, and the auditor takes no further steps, an appeal from the decree overruling the exceptions of one of the parties, is premature, and will be quashed.

Argued March 7, 1906. Appeal, No. 14, March T., 1906, by S. P. Beach, from decree of O. C. Tioga Co., May T., 1903, No. 2, overruling exceptions to auditor's report in Estate of L. O. Beach, deceased. Before RICE, P. J., PORTER, MOR-

RISON, HENDERSON, ORLADY, BEAVER and HEAD, JJ. Appeal quashed.

Exceptions to auditor's report.
The opinion of the Superior Court states the case.

*Errors assigned* were in dismissing exceptions to auditor's report.

*S. F. Channell*, with him *F. E. Watrous* and *H. F. Marsh*, for appellant.

*R. K. Young* and *G. W. Merrick*, for appellee.

OPINION BY HEAD, J., April 23, 1906 :
The Act of April 14, 1835, P. L. 275, provides that "all accounts presented to the orphans' court by executors, etc., shall be examined by the court and, if not excepted to, shall, after due consideration, be confirmed," etc. In Rhoads's Appeal, 39 Pa. 186, it was held that such decree was a final decree from which an appeal could be taken. "I cannot doubt, " said THOMPSON, J., " but that a decree made as required by the act, after examination by the court, and after ' due consideration,' must be taken to be a definitive decree from which an appeal would lie; and so in fact, we held in Irwin's Appeal, 35 Pa. 294, on the motion to quash." This case has been often cited with approval both by the Supreme Court and this court: Appeals of Fross and Loomis, 105 Pa. 258; Galloway's Estate, 5 Pa. Superior Ct. 272.

But nowhere in this record can we find such a final and definitive decree confirming the executor's account as is contemplated by the act of assembly and the decisions cited. When the account was brought in exceptions were filed to it, and, as we learn from the history of the case, " E. B. Young, Esq., was appointed an auditor to restate the account and to report distribution." He might have performed the two duties embraced in his appointment separately and thus laid the foundation for a separate and final decree aimed only at the confirmation of the account. He made, however, but a single report in which he entirely restated the account and made a

distribution of the balance shown by the account, as restated, to be in the hands of the executor. Exceptions to this report were filed both by the appellant and the accountant. Those filed by the former are printed in the paper-book and were overruled by the court; those filed by accountant are not printed, but a number of them were sustained by the court. To what extent the account will be changed when finally restated by the auditor in accordance with the opinion of the court we cannot now tell. The order of the court from which this appeal is taken is as follows:

"And now, January 8, 1906, the report of the auditor is referred back to him to make distribution in accordance with the foregoing." It thus appears there has been no final decree directly confirming the account either as filed by the accountant or as restated by the auditor; nor has there been any decree finally confirming the report of the auditor which, under the terms of the reference, would operate indirectly as a confirmation of the account as restated. We regard the whole record as still open in the orphans' court without any definitive decree, so that the accountant, the appellant or other party interested will still have a day in court to except to the final decree when it shall have been entered. The present appeal is therefore premature and the motion to quash it must be sustained.

Appeal quashed.