## Monnia's Estate.

*Appeals — Interlocutory decree — Quashing appeal — Joint appeal — Jurisdiction — Amount in controversy.*

1. A decree of the orphans' court awarding a balance "for distribution under the provisions of the intestate laws of the Commonwealth to those entitled thereto," with direction to the administrator to make such division, but without naming the parties or fixing their shares, is an interlocutory decree from which no appeal lies.

2. A joint appeal from such decree to the Supreme Court is objectionable.

3. Where none of the appellants had an individual interest sufficient in amount to give jurisdiction, the appeal will be quashed.

Argued February 22, 1921. Appeal, No. 72, Jan. T., 1921, by the First Presbyterian Church of Carbondale, Wm. J. Male, Adeline Schleizer, and John A. Gillis, administrator of estate of Sarah M. Gillis, deceased, legatees, from decree of O. C. Lackawanna Co., No. 47, of 1908, dismissing exceptions to adjudication and awarding distribution, in estate of Barbara Monnia, deceased. Before WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Appeal quashed.

Exceptions to adjudication.   Before SANDO, P. J.

The opinion of the Supreme Court states the facts.

The court dismissed the exceptions and awarded distribution.   First Presbyterian Church et al., legatees, appealed.

*Error assigned,* among others, was decree, quoting it.

*Walter L. Schanz,* with him *James E. Burr,* for appellants.

*B. Fenton Tinkham,* for appellee.

OPINION BY MR. JUSTICE SADLER, April 25, 1921:

The executor of Barbara Monnia filed a final account of his trust, and by direction of the court made distribution of the balance in his hands.   Subsequently, additional assets having been received, the administrator d. b. n. c. t. a. submitted a statement to the orphans' court.   A claim to the fund so raised was made by the residuary legatees named in the will.   After hearing, the court found to the contrary, and awarded the balance "for distribution under the provisions of the intestate laws of the Commonwealth to those entitled thereto," and directed the administrator to make such division.   The parties who are thus indicated to receive are not named, nor are any shares fixed.   From this decree, the present joint appeal was taken by three of the parties interested.

Does the record here show such a definitive decree as will sustain the present proceeding?   Under the earlier acts, the orphans' court had exclusive jurisdiction to make and enforce distribution of estates of decedents (Ashford v. Ewing, 25 Pa. 213), and the same power is given by the Fiduciaries Act of 1917.   The ascertainment of the next of kin for the purpose of distribution is within the scope of its allotted duties (Clement's Est., 160 Pa. 391); but it appears here that this finding of

the necessary facts was committed to the accountant. It was doubtless intended he should prepare a schedule for submission and approval, but this was not done, and the record discloses nothing more than an interlocutory order: Bower's Est., 48 Pa. Superior Ct. 394. A decree, such as here made, which is uncertain in leaving undetermined the parties who are to take, is not final: Purviance v. Com., 17 S. & R. 31.

The situation is analagous to that found in cases where exceptions to an auditor's report are sustained, and a distribution is ordered to be made in accordance with the directions given by the court. Such order is merely interlocutory, and no appeal lies until there is an absolute confirmation: Kaeir's Est., 264 Pa. 224; Hoyt's Est., 232 Pa. 189; Moore v. Lincoln Park & S. C. Co., 196 Pa. 519; Beach's Est., 30 Pa. Superior Ct. 572. Even though the appellate court can infer from the opinion filed what was intended, it cannot either affirm or reverse a decree which has never been entered: Dorscheimer's Appeal, 9 Pa. Superior Ct. 422. Under such circumstances, the appeal must be quashed, though the parties consent that the court assume jurisdiction: Watkins v. Hughes, 206 Pa. 526.

This conclusion makes it not only unnecessary, but improper, to express any opinion on the merits of the case: Mitchell's App., 60 Pa. 502. When a final order is entered, the questions arising may be properly brought before the appropriate appellate tribunal. In this connection, attention is called to the fact that the present proceeding is objectionable as a joint appeal: Reynolds v. Reynolds Lumber Co., 175 Pa. 437. It would further seem that none of the appellants had an individual interest sufficient in amount to give this court jurisdiction: Samson's Est., 201 Pa. 590; Samson's Est., 22 Pa. Superior Ct. 93; Staib's Est., 188 Pa. 238; McGlinn's Est., 270 Pa. 373.

The appeal is quashed, at the cost of appellants.