## McGlinn's Estate.

*Appeals—Jurisdiction on appeal — Supreme Court — Superior Court—Amount in controversy—General rules laid down—Act of May 5, 1899, P. L. 248—Orphans' court—Distribution—Claim of each distributee—Joint appeals—Remission of cases.*

1. The total amount of the distribution awarded by the orphans' court is not the controlling factor in determining the jurisdiction of the appellate courts. The question is fixed by the single claim or interest of the appellant in such distribution.

2. Separate claims of the same appellant cannot be added for the purpose of fixing the sum involved; nor is it material that larger sums may be collaterally in question.

3. If the demand of the distributee is for a sum in excess of $1,500, and it is disallowed, his interest will be fixed by the amount of his claim, and his appeal lies to the Supreme Court.

4. Where the claim presented is based on damages for tort or breach of contract, the sum asked determines the jurisdiction if no award is made; and the sum directed to be paid, if there is some allowance.

5. In such case any party aggrieved may appeal to the Supreme Court if the award be in excess of the jurisdictional sum, though his particular interest be affected in a less amount, the Act of May 5, 1899, P. L. 248, expressly so directing.

6. A certificate of the amount in controversy is conclusive when given by the court below in matters involving the right to possession or title to property. In other cases the sum is determined by the facts as they appear on the record, irrespective of the certificate granted.

7. Appeals taken to the Supreme Court, when the interest of the appellant is less than $1,500, will be remitted to the Superior Court except in certain cases where exclusive jurisdiction has been given to the Supreme Court.

8. A case will not be certified over where there are two appeals from a distribution involving the same question, the amount in controversy being in the one proceeding less and in the other more than the fixed sum.

9. If in such case the appeal is to the Superior Court, and the sum involved be in excess of $1,500, it may, nevertheless, hear the case, unless the appellee objects.

10. If there has been a decree of distribution by the orphans' court to five persons in one proceeding, and it appears that the interest of each is independent and distinct, no right exists to prosecute a joint appeal.

11. Where an improper joinder appears, the appeal may be quashed, or an election may be required. In such case a non pros. may be entered as to all appellants but one, and if the interest of such one is less than $1,500, the appeal will be remitted to the Superior Court.

Argued March 23, 1921. Appeal, No. 362, Jan. T., 1921, by John McGlinn, Jr., et al., from decree of O. C. Phila. Co., Oct. T., 1918, No. 794, dismissing exceptions to adjudication, in estate of John McGlinn, deceased. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ. Appeal remitted to the Superior Court.

Exceptions to adjudication of HENDERSON, J.

The opinion of the Supreme Court states the facts.

The court in an opinion by GUMMEY, J., dismissed the exceptions. John McGlinn, Jr., et al., appealed.

*Error assigned,* among others, was decree, quoting it.

*W. W. Montgomery, Jr.,* of *Roberts, Montgomery & McKeehan,* for appellants, cited as to the jurisdiction of the Supreme Court: Prentice v. Hancock, 204 Pa. 128; May's Est., 218 Pa. 64.

*Daniel C. Donoghue,* with him *Anthony A. Hirst,* for appellee.

OPINION BY MR. JUSTICE SADLER, April 25, 1921:

The orphans' court made distribution of certain income which was shown, by the account filed, to have accumulated. It divided the balance into six parts, instead of five, which it is now insisted was error. An appeal was taken by five persons jointly,—subsequently, a judgment of non pros was entered as to all but one. The disputed part of the adjudication amounted to $3,800, and the interest of each of the distributees complaining here is less than $800. Under such circumstances, the questions raised should be disposed of by the Superior Court, and to it the appeal must be remitted.

The Superior Court Act (June 24, 1895, P. L. 212) fixed the amount in controversy for jurisdictional purposes at $1,000, and provided a way of determining the sum involved in certain cases. Subsequently, $1,500 was named as the standard by which the tribunal to review was decided (Act May 5, 1899, P. L. 248). By this legislation, certain rules were laid down to ascertain the jurisdictional amount. The attempt was made by section 4 to cover all situations which might arise, but the wording used was not sufficiently broad; and, as a re-

sult, doubts have arisen in particular cases as to the proper court to which the appeal should be taken.

The section referred to provided the manner of determining the amount in controversy in actions of ejectment, and issues, in the common pleas or orphans' court, involving the right to possession or title to property. In such cases, the certificate of the trial judge conclusively settles the question. Where the claim is for damages based on tort or breach of contract in any suit or distribution in either orphans' or common pleas court, the amount of the judgment, decree or award is used as the standard; and if no sum is recovered, then the amount claimed controls.

It is apparent that these rules will not meet all orphans' court proceedings which become the subject of appeal— the present case is an illustration. Other portions of the act must then be used as a guide. Section 2 gives to the Superior Court jurisdiction where less than $1,500 is involved where "any single claim, any dispute, distribution, or other proceeding in the orphans' court,......· if......the amount or value thereof really in controversy in such single claim, dispute or other proceeding be not greater than fifteen hundred dollars." It is to be noticed that the amount of the single claim in a distribution controls, and not the total sum of the distribution, in determining the question of jurisdiction. If it be kept in mind that section 4 regulates only certain specified cases, and that those not within its express terms are to be governed by other provisions of the same act, the seeming conflict in some of the decisions can be readily explained. To prevent further misunderstandings, certain observations may profitably be made.

The total amount of the distribution awarded by the orphans' court is not the controlling factor in determining the jurisdiction. This question is fixed by the single claim or interest of the appellant in the distribution: Samson's Est., 201 Pa. 590; s. c., when remitted, 22 Pa. Superior Ct. 93; Eslen's Est., 211 Pa. 215;

Staib's Est., 188 Pa. 239 (under Act of 1895). Separate claims of the same appellant cannot be added for the purpose of fixing the sum involved (Jenning's Est., 195 Pa. 406; Spring City Brick Co. v. Brick Machine Mfg. Co., 221 Pa. 385; Eslen's Est., supra); nor is it material that larger sums may be collaterally in question: Green v. Duffee, 231 Pa. 393; Prentice v. Hancock, 204 Pa. 128; Astwood v. Wanamaker, 209 Pa. 103; Samuel v. Sota, 224 P. 432. If, however, the demand of the distributee is for a sum in excess of $1,500, and it is disallowed, his interest will be fixed by the amount of his claim, and his appeal lies to this court.

Where the claim presented is based on damages for tort or breach of contract, then the sum asked determines the jurisdiction if no award is made; and the sum directed to be paid, if there is some allowance. In such case any party aggrieved by the distribution may appeal to the Supreme Court, if the award be in excess of the jurisdictional sum, though his particular interest be affected in a less amount. This is because section 4, paragraph 2, of the Act of 1899, expressly so directs: May's Est., 218 Pa. 64.

A certificate of the amount in controversy is conclusive when given by the court below in matters involving the right to possession or title to property, the subject of the action or issue. In other cases the sum is determined by the facts as they appear on the record, irrespective of the certificate granted: Com. v. Magee, 213 Pa. 443; Hosack v. Crill, 197 Pa. 370.

Appeals taken to the Supreme Court, when the interest of the appellant is less than $1,500, will be remitted, except in certain cases where exclusive jurisdiction has been given, as in felonious homicide (Act June 24, 1895, P. L. 220, sec. 9); nor will the case be certified over where there are two appeals from a distribution involving the same question, the amount in controversy being in the one proceeding less and in the other more than the fixed sum: Act June 13, 1911, P. L. 889. If the ap-

peal is to the Superior Court, and the sum involved be in excess of $1,500, it may, nevertheless, hear the case, unless the appellee objects: Act May 5, 1899, P. L. 251, sec. 11.

Attention should be called to the fact that there were five appellants in this one proceeding. The interest in each case was independent and distinct, and no right existed to prosecute a joint appeal. This has been frequently held in cases involving the distribution of decedents' estates (Samson's Est., 22 Pa. Superior Ct. 93; May's Est., 22 Pa. Superior Ct. 77; Bitler's Est., 30 Pa. Superior Ct. 84), and of other funds: Adamson's App., 110 Pa. 459; Reynolds v. Reynolds Lumber Co., 175 Pa. 437; White's App., 15 W. N. C. 313; Com. v. Union Surety & Guaranty Co., 37 Pa. Superior Ct. 167. Where an improper joinder appears, the appeal may be quashed (Samson's Est., supra; May's Est., supra), or an election may be required. In such case, a non pros may be entered as to all appellants but one: White's App., supra; Rinker v. Colonial Iron Co., 68 Pa. Superior Ct. 258; cf. Saunders v. Pittsburgh Rys. Co., 255 Pa. 348. This course has been followed here, and John McGlinn, Jr., remains as sole appellant. His interest is, however, less than $1,500, and this court is, therefore, without jurisdiction to consider the questions raised.

It is ordered that the appeal be remitted to the Superior Court.