## Miller v. Myers (et al.), Appellant.

*Albert C. Hirsch,* with him *Coleman Harrison* and *Watson & Freeman,* for appellants.

*Earl F. Reed,* of *Thorp, Bostwick, Stewart & Reed,* for appellee.

PER CURIAM, March 19, 1930:

A motion to remit the appeal in this case to the Superior Court is before us. The appeal involves two claims presented by E. A. Myers, the appellant, in an equity proceeding to set aside an alleged fraudulent sale in bulk, as contrary to the Act of May 23, 1919, P. L. 262. Myers's first demand was for $8,357.59, representing the aggregate amount of the claims of several

creditors of the vendor in the bulk sale, held by the court below to be fraudulent under the before-mentioned act; these claims Myers had settled by payment of $7,689.21, and as to them he alleged the rights of a creditor by subrogation. Myers's second demand represents a judgment against the vendor for $4,226.23, which appellant had satisfied by the payment of $3,292.60; here again he claims as a creditor by subrogation. In the pro rata distribution to the creditors of the vendor, the court below based its awards to Myers on the amounts actually paid by him in acquiring the before-mentioned claims, as against his contention that the awards should have been based on the face value of such claims; but even if this contention was sustained, the amount in controversy would not total $2,500, which sum must be involved to bring the case within the jurisdiction of the Supreme Court.

The petition in support of the motion to remit to the Superior Court alleges that the amount involved for purposes of this appeal is less than $2,500. The amount in controversy, as regards each claim, is not the difference between what appellant alleged as his basic demand and the amount set as the dividend basis by the court below; it is governed by appellant's pro rata dividend, or, in other words, by the amount awarded to him. On his first claim, Myers was awarded a pro rata of $1,096.68, and on his second claim he was awarded a pro rata of $469.61; it is quite apparent that had these dividends been based on $8,357.59 and $4,-226.23 respectively, instead of on $7,689.21 and $3,-292.60, the sums fixed by the court below, still the amount in controversy would be much less than $2,500. "For the purpose of deciding which court [Supreme or Superior] has jurisdiction on appeal" (Sharp v. Keiser, 292 Pa. 142, 145) the amount of the award governs; that is conclusively accounted the amount in controversy: May's Est., 218 Pa. 66-67; Nick v. Craig, 298 Pa. 413-15. Here, even if the two awards to appellant,

being based on claims of the same nature, are treated as a single award, which under the circumstances may properly be done, yet the combined amounts would not equal $2,500.

The record is ordered remitted to the Superior Court.