Cara, Appellant, *v.* Newark Fire Ins. Co.

Cara, Appellant, *v.* Merchants Fire Ins. Co.

72

*Roscoe R. Koch* and *Horace M. Schell,* for petition.

OPINION BY MR. JUSTICE SIMPSON, September 26, 1932:

In each of the above cases plaintiff sued upon a fire insurance policy for $2,500, and in his statement of claim, and at the trial also, claimed to recover that sum with interest from June 9, 1929. On January 22, 1932, he was nonsuited by the trial judge, whose ruling was later sustained by the court in banc, and he thereupon prosecuted the present appeals. Defendants then moved to remit the appeals to the Superior Court, claiming that the interest which was due at the time of the trial could not be considered in determining to which court the appeal should be taken. We dismissed the petitions, but defendants now ask us to review that action, erroneously claiming that in Sharp v. Keiser, 292 Pa. 142, we had otherwise ruled the point involved.

The only statutory provision to be considered is the second paragraph of section 4 of the Act of May 5, 1899, P. L. 248, 249. It provides that "The amount or value really in controversy shall be determined as follows: ...... In any suit, distribution or other proceeding in the common pleas or orphans' court, if the plaintiff or claimant recovers damages either for a tort or for a breach of contract, the amount of the judgment, decree or award shall be conclusive proof of the amount really in controversy, but if he recovers nothing the amount really in controversy shall be determined by the amount of damages claimed in the statement of claim, or in the declaration." By reason of the nonsuits in these cases plaintiff recovered nothing, hence "the amount of damages claimed in the statement of claim" is "conclusive proof of the amount really in controversy" and that, being $2,500 with interest from June 9, 1929, necessarily

exceeds $2,500; hence under the Act of March 2, 1923, P. L. 3, the appeals were properly taken to this court.

Sharp v. Keiser, supra, where we remitted the appeal to the Superior Court, does not disagree with that view. There the plaintiff recovered a verdict for $2,592.25; this the court below reduced to $2,459.84, which, of course, was within the jurisdiction of the Superior Court. The reduction was of a part of the principal of the claim and the verdict as reduced included interest to the time of trial on the part of the claim for which recovery was allowed. This is made clear by the fact that the order there entered allowed interest on the reduced amount only "from the date of rendition" of the verdict. In that case, therefore, interest to the date of recovery was considered, in determining to which appellate court the appeal should be taken, and in these and all similar cases it must also be considered up to the same date when, but for the alleged error in entering the nonsuits, it would have been included in the verdicts.

The petitions to remit the appeals to the Superior Court were, therefore, properly dismissed.