## Schuetz's Estate.

Argued March 23, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Richard W. Ahlers,* with him *J. Boyd Duff, Jr.,* for appellants.

*John H. Lauer,* with him *Thomas E. Whitten,* Assistant County Solicitors, *J. P. Fife,* County Solicitor, *Edwin W. Smith* and *George E. Alter,* for appellee.

Opinion by Mr. Justice Simpson, April 23, 1934:

The five residuary legatees in this estate, whose interests are several and not joint, no one of them having any interest in the share of any other, jointly appeal herein from an award of the court below directing the executor to pay to the County of Allegheny a tax claim of $2,605.35. This award reduces each of appellants' distributive share by one-fifth of that sum. The county thereupon moved to quash the appeal because the interest of appellants "is separate and distinct, therefore the joint appeal to this court is improper." That the appeal is a joint one, the record shows, and that each appellant has a separate interest from each of the others is also made clear thereby. Appellants' contention "That the interest of each one of the appellants is not independent and distinct, but is such a common interest that they may prosecute this appeal jointly," cannot be sustained. A different conclusion, under precisely the same facts, was reached in Samson's Estate, 201 Pa. 590; s. c. 22 Pa. Superior Ct. 93; McGlinn's Estate, 270 Pa. 373.

We have often decided that joint appeals will not lie under such circumstances: Adamson's Appeal, 110 Pa. 459; Reynolds v. Reynolds Lumber Co., 175 Pa. 437; Samson's Estate, 201 Pa. 590; Monnia's Estate, 270 Pa. 367; McGlinn's Estate, 270 Pa. 373; Long's Estate, 270 Pa. 480; Taylor's Estate, 277 Pa. 518. Against this array, appellants cite May's Estate, 218 Pa. 64 and Miller v. Myers, 299 Pa. 482, in each of which, however, there was but a single appellant, and hence no question of a joint appeal did or could arise. In their only other citation—Holben's Estate, 299 Pa. 348, —there were several appellants, and we refused to quash the appeal. That case recognizes the general rule that since each residuary legatee appears entitled to a specific amount shown by the schedule of distribution, a joint appeal does not lie, and separate appeals must be taken; nevertheless, on the supposed authority of

Shelley's Estate, 288 Pa. 11, 13-14, concludes that it, Holben's Estate, supra, comes within an exception to the general rule. Referring to Shelley's Estate, it is said (299 Pa. 348, 351) : "There, on appeal by two of the four residuary legatees, the allowance of a claim against the estate of a deceased testator was reversed, and, on a petition to modify our final decree, so that it should affect only the shares of the two appellants, we held that the disallowance of the claim inured to the benefit of all the residuary legatees, including those who did not appeal, saying of the claim there involved, what is appropriate here, that it was 'a single demand for a part of the......estate, to be deducted [if allowed] before any distribution......to the residuary legatees,' and could not be viewed in any sense as representing separate 'claims against each one of those who would be ultimately affected by its allowance.' While the opinion in the case cited does not specifically say that where, as there and here, a claim of the character just described is the sole matter for decision, a joint appeal may be taken by those entitled to the estate which will be diminished if the claim is ultimately held to be good, yet that is the plain meaning of the decision rendered. In such cases, where the claim involved is not only 'single and indivisible,'—'enforceable in its entirety or not at all,'—but is aliunde the will of decedent, and, if finally allowed, is to come out of the estate as a whole not on a par with but ahead of the distributive shares of the testamentary beneficiaries, the latter have such a common interest in contesting it as entitles them to a joint appeal."

To this we do not agree. The facts in the two cases are essentially different, and hence one is not a precedent for the other. In Shelley's Estate, supra, which is the only asserted basis for the opinion just quoted, the testator made an absolute assignment of two life insurance policies to his daughter, despite which, by his will, he directed that their proceeds "should be held

in trust for the daughter, and upon her death without children, the principal should be used for the Woman's College" of Baltimore. On the death of the father, the fund was paid to a guardian of the daughter, and when she became of age it was, by order of court, transferred to her. When she died, childless, more than 20 years later, it was claimed by the college. We held that lapse of time barred the claim, and distributed the fund as part of the daughter's estate: Shelley's Estate, 287 Pa. 105, 115. Under such circumstances, Shelley's Estate, 288 Pa. 11 was not an authority for the ruling in Holben's Estate, supra, since, as has often been said, "in every case what is actually decided is the law applicable to the particular facts; all other legal conclusions therein are but obiter dicta": Cohens v. Virginia, 6 Wheaton, 264, 399; Weyerhaeuser v. Hoyt, 219 U. S. 380, 394; Erie City's Appeal, 297 Pa. 260, 266; Welsch v. Pittsburgh Terminal Coal Co., 303 Pa. 405, 408. Under no circumstances, could lapse of time have been a factor in Holben's Estate, supra, which, upon the point here involved, has never been referred to in any of our later opinions. It attempts, wholly unnecessarily, to introduce an exception to the rule as to joint appeals, not found in the statutes or in any of our other opinions, precedent or subsequent; it has resulted in confusion both to the bar and the bench; and for these reasons should be and now is overruled, so far as concerns the question of joint appeals.

It follows that the objection to the present appeal because it is joint, must be sustained; but it does not follow that we must quash the appeal. As we have often permitted in other cases, appellants may discontinue the appeal, or suffer a non pros., as to all but one of their number, in which event it will continue as a single appeal by the remaining appellant: see Taylor's Estate, 277 Pa. 518; McGlinn's Estate, 270 Pa. 373, 378. Assuming this to be done, we are brought face to face with another mooted question which also should be settled,

viz., since the then single appellant will only be interested, as one of the five residuary legatees, in one-fifth of the $2,605.35 award to the County of Allegheny, ought not the appeal to have been taken to the Superior Court?

In Samson's Estate, 201 Pa. 590, we said: "On appeals from the orphans' court, the jurisdiction of the appellate court depends on the amount of the separate interest of each appellant." This was also our conclusion in Staib's Estate, 188 Pa. 238, and in a number of unreported cases, some of them decided quite recently at bar. On the other hand it is held in May's Estate, 218 Pa. 64: "Where a creditor of a decedent is awarded a claim in the orphans' court, amounting to more than $1,500, [the then jurisdictional amount] an appeal lies to the Supreme Court, although the legatee appealing has an interest in the fund to an amount less than $1,500. The amount of the award fixes the jurisdiction."

These two lines of cases are irreconcilable, but, in our opinion, the first cited states the correct practice. By section 7 of the Act of June 24, 1895, P. L. 212, 215-16, as amended by section 4 of the Act of May 5, 1899, P. L. 248, 249-50, and by section 3 of the Act of March 2, 1923, P. L. 3, 4, it is provided that the Superior Court shall have exclusive and final appellate jurisdiction [in the first instance] of all appeals in the following classes of cases: "Any single claim, any dispute, distribution, or other proceeding in the orphans' court, if the subject of the controversy be either money, chattels, real or personal, or the possession of or title to real property, and *if also the amount or value thereof really in controversy* in such single claim, dispute or other proceeding be not greater than $2,500, exclusive of costs, and if also the claim, dispute, or other proceeding be not brought, authorized or defended by the Attorney General in his official capacity." The vital words in that section are those we have italicized, and the status to which they are applicable is that existing at the time of the appeal. It is not the amount of the claim, but

"the amount thereof really in controversy," between appellant and appellee, which determines the jurisdiction. If an appellant claims, say, on a note of a decedent for $3,000 upon which, however, there is by way of payment, set-off or otherwise, a credit of $1,000, arising before the appeal is taken, whether before or after the award of the court below, the "amount thereof really in controversy" is $2,000 and not $3,000, and the appeal lies to the Superior Court, for it is to have exclusive and final appellate jurisdiction if the amount thereof really in controversy (between appellant and appellee) in such single claim, dispute or other proceeding be not greater than $2,500. We say "between appellant and appellee," because the controversies between them are the only matters actually determined by the appellate courts, although the points thus decided may be applicable to the claims of other litigants.

Taking the present case as an illustration, it is true that if we should reverse the decree of the court below, on the appeal of one of these appellants, that tribunal might well reopen its adjudication, so far as concerns the other four residuary legatees, and correct its error as to them also, thus effectively curing it, because of our opinion, to the full extent of the $2,605.35. But it might not be asked to do this, and might refuse to do so, if asked; and if it did reopen the adjudication, it might find there were special defenses to the allowance of the claims of the others of the present appellants. So, too, it or any other orphans' court in the Commonwealth, if the same question had been decided in other states, might open the adjudications as to them. The answer to these speculations is that they are all matters for a court of first instance, and not for an appellate court, which reviews only final orders, judgments or decrees which are appealed from, and not those which are still in fieri. It is true, also, again taking the present case as an illustration, that if the court below had decided against the County of Allegheny, an appeal by it would

have been to this court, since its individual claim was for $2,605.35, whereas, under our conclusion, as above stated, the appeals of any of the residuary legatees must go to the Superior Court. But as shown long ago (Staib's Estate, 188 Pa. 238, 239) this is a matter of no moment, since the legislature has so declared. So far, therefore, as concerns the question now being considered, May's Estate, 218 Pa. 64, and all other decisions, if any, as are in antagonism to the conclusion above stated, must be considered as now overruled.

What we have said above is not affected by section 4, paragraph 2 of the Act of May 5, 1899, P. L. 248, 249-50, which says that "In any suit, distribution or other proceeding in the common pleas or orphans' court, if the plaintiff or claimant recovers damages either for a tort or a contract, the amount of the judgment, decree or award shall be conclusive proof of the amount really in controversy, but if he recovers nothing the amount really in controversy shall be determined by the amount of damages claimed in the statement of claim or in the declaration." This includes cases of nonsuits (Cara v. Newark Fire Ins. Co., 309 Pa. 71), judgments on verdicts and judgments non obstante veredicto in the common pleas, and final awards by the orphans courts; but, since this statutory provision always deals with the singular number, the appeal, to be within its purview, must be by all those in whose favor the judgment is entered or the final award is made. If the award is in favor of two or more parties, each of which has a right to a definite proportion of the recovery, each such defeated claimant, for the reasons hereinbefore given, must separately appeal from the final order, judgment or decree of the court below, and while "the amount of the judgment, decree or award shall [even then] be conclusive proof of the amount really in controversy" as to all of them together, it applies, as to each of them, only to the extent of the proportionate part thereof to

which the ones separately appealing will be conclusively entitled to recover in case of an affirmance.

It is ordered that if, on or before May 1, 1934, appellants discontinue their appeal as to all but one of their number, the appeal of the remaining appellant is to be remitted to the Superior Court for consideration and determination; otherwise the joint appeal is quashed.