## Noonan Estate

*Eaton & Eaton,* for accountant.
*Gerald A. McNelis,* for petitioner.

WAITE, P. J., November 18, 1947.—This matter is now before the court on appellant's motion to fix the amount in controversy in the appeal from this court's decision, order and decree of July 12, 1947, and September 5, 1947. This matter came before the court at the time of the audit of the first and final account of the executor in the above estate on petition of DeVere W. Baker entitled, "Petition to Void Sale of Decedent's Real Estate and Household Furnishings", said petition concluding inter alia as follows:

"Wherefore your petitioner respectfully prays: . . .

"(b) That the court inquire into the gross inadequacy of the sale price, the fraud and collusion of the executor and the said Beryl Blakely;

"(c) That the sale be set aside, and declared fraudulent and void, and that said Beryl Blakely be directed to

reconvey said premises, either directly to your petitioner or to the executor."

The inventory signed by two appraisers and filed in this estate shows the value of the personal estate to be $289.45. The real estate was appraised by two competent and experienced real estate dealers in the sum of $3,200. The property was actually sold for $3,500. The account filed, including both the real and personal estate, together with the rents received from the real estate prior to the time of the sale, shows total assets of the estate amounting to $4,005.34, total amount of credits claimed by the account, $2,448.63, leaving a balance due for distribution amounting to $1,556.71.

The question now before the court is whether the Superior or Supreme Court has jurisdiction on the appeal by exceptant in this case. Section 1 of the Act of March 2, 1923, P. L. 3, 17 PS §188, provides in part as follows:

"The amount or value really in controversy shall be determined as follows:

"In actions of ejectment, either legal or equitable, and in all other actions or issues in the common pleas or in the orphans' court that involve the possession of or the title to real property, or chattels, real or personal, the judge hearing the case shall certify whether the value of the land or of the interest or of the property really in controversy is greater than twenty-five hundred dollars, and his certificate, unless the record shows it to be erroneous, shall be conclusive proof of such value for the purposes of this act."

Section 7 (d) of the Act of June 24, 1895, P. L. 212, as last amended by the Act of March 2, 1923, P. L. 3, 17 PS §185, provides as follows:

"Any single claim, any dispute, distribution, or other proceeding in the orphans' court, if the subject of the controversy be either money, chattels, real or personal, or the possession of or title to real property, and if also the amount or value thereof really in controversy in such single claim, dispute, or other proceeding be not

greater than twenty-five hundred dollars, exclusive of costs, and if also the claim, dispute, or other proceeding be not brought, authorized, or defended by the Attorney General in his official capacity."

This proceeding was "not brought, authorized, or defended by the Attorney General in his official capacity."

Under the above statutes it clearly appears that it is not the value of the property itself, whether real or personal, but the actual *"amount or value thereof really in controversy"* that determines the appellate jurisdiction. If said "amount or value thereof really in controversy" is less than $2,500 the appeal is to the Superior Court, otherwise to the Supreme Court.

The highest value placed upon the property at the time of the audit by the witnesses produced by exceptant, now appellant, was $4,500. The property, although appraised for $3,200, was actually sold for $3,500 and has been fully accounted for in the first and final account. Placing the most favorable interpretation upon exceptant's testimony, even if no testimony had been produced on behalf of accountant, the highest value that could be placed upon the real estate would be the sum of $4,500. Since the amount of $3,500 was actually received and accounted for in the sale of this property it seems to be clear that the amount in controversy does not exceed the sum of $1,000.

In Shuetz's Estate, 315 Pa. 105, Mr. Justice Simpson, delivering the opinion of the court says (p. 110) :

"By section 7 of the Act of June 24, 1895, P. L. 212, 215-16, as amended by section 4 of the Act of May 5, 1899, P. L. 248, 249-50, and by section 3 of the Act of March 2, 1923, P. L. 3, 4, it is provided that the Superior Court shall have exclusive and final appellate jurisdiction [in the first instance] of all appeals in the following classes of cases: 'Any single claim, any dispute, distribution, or other proceeding in the orphans' court, if the subject of the controversy be either money, chattels, real or personal, or the possession of or title

to real property, and *if also the amount or value thereof really in controversy* in such single claim, dispute or other proceeding be not greater than $2,500, exclusive of costs, and if also the claim, dispute, or other proceeding be not brought, authorized or defended by the Attorney General in his official capacity.' The vital words in that section are those we have italicized, and the status to which they are applicable is that existing at the time of the appeal. It is not the amount of the claim, but 'the amount thereof really in controversy,' between appellant and appellee, which determines the jurisdiction. If an appellant claims, say, on a note of a decedent for $3,000 upon which, however, there is by way of payment, set-off or otherwise, a credit of $1,000, arising before the appeal is taken, whether before or after the award of the court below, the 'amount thereof really in controversy' is $2,000 and not $3,000, and the appeal lies to the Superior Court, for it is to have exclusive and final appellate jurisdiction if the amount thereof really in controversy (between appellant and appellee) in such single claim, dispute or other proceeding be not greater than $2,500."

In the instant case it is true that the thing involved or in dispute in the petition to set aside the sale of real estate on the ground of fraud is the real estate itself. But, "the amount or value thereof really in controversy" appears to be the difference between the sale price and the fair market value of the property. It is also true that said petition stated that the real estate was "valued at $6,000 and upwards". But, that bald statement in the petition as to the value of the real estate is not sustained even by the evidence of petitioner and even if it were said amount does not represent "the amount or value thereof really in controversy".

Even if the sale were held to be unlawful and set aside on the ground of fraud (which is never presumed and of which there is no evidence here) and a recon-

veyance of the property directed to claimant, who is now appellant, the highest value that could be placed upon the property, based upon the evidence produced on behalf of claimant and wholly disregarding that produced on behalf of accountant, would be the sum or amount of $4,500. The property was actually sold for the sum of $3,500, which amount has been fully accounted for in the account filed. On this basis, therefore, "the amount or value thereof really in controversy" is the difference between $4,500 and $3,500, which is $1,000.

Computed in another way; if we take as the fair market value of the property the sum of $3,200, as shown by the weight of the testimony produced at the hearing, and assuming that the sale were to be set aside on the ground of fraud and awarded to petitioner, he would have to take the property subject to the payment of decedent's debts, including funeral expenses and the costs of administration, amounting, as shown by the account, to $2,448.63, less the amount received from the personal estate, amounting to $289.45, a net amount of $2,159.18, which said amount deducted from the said fair market value of the real estate ($3,200 minus $2,159.18) leaves the amount really in controversy the sum of $1,042.82. Even if the fair market value of the property were assumed to be $4,500, the highest value placed upon it by petitioner's witnesses, and deducting therefrom the said net indebtedness of $2,159.18, which would have to be paid out of the real estate, "the amount or value thereof really in controversy" would still be less than the sum of $2,500, which is the amount that determines the appellate jurisdiction of the Superior Court. Whichever method of computation is employed, "the amount or value thereof really in controversy" is shown to be less than $2,500 and, therefore, the appeal necessarily lies to the Superior and not to the Supreme Court of Pennsylvania.

In view of the record in this case and the authorities above cited, we are clearly of opinion that the motion of appellant to have this court "certify that the value of the property and the amount in controversy exceeds the sum of $2,500" must be refused.

A certificate of the amount in controversy will accordingly be filed in accordance herewith.

*Certificate of amount in controversy*

In pursuance of and in conformity with the above opinion, the court hereby certifies that "the amount or value thereof in controversy" in the above proceeding is less than the sum of $2,500.